FRANCES D. NILES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.  November 17, 20, 1916. — January 10, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.  *Carrier,* Of passengers.

A passenger in a street railway car, who obtains from the conductor on that car a transfer check for transportation on a car whose starting point is a short distance beyond the terminus of the first car, and who on reaching such terminus by direction of the conductor alights with other passengers from the first car and is walking along a public highway for the purpose of boarding the second car, which is waiting to take passengers from the first car at a distance of about three car lengths from it, as matter of law has ceased to be a passenger on the first car and has not become a passenger on the second car, and toward the corporation operating both cars stands in the relation of a traveller on the highway.

TORT for personal injuries sustained by the plaintiff on May 25, 1915, by reason of being run into by a street railway car of the defendant on Galen Street in Watertown, when the plaintiff was a passenger of the defendant as set forth in her declaration. Writ dated July 21, 1915.

The whole of the plaintiff's substituted declaration was as follows: "And the plaintiff says the defendant is a corporation duly

established and existing by law; that on or about the twenty-fifth day of May, A. D. 1915, it was operating a street railway for the carriage of passengers in the town of Watertown in said county and Commonwealth; that on or about said date the plaintiff became a passenger upon a car of the defendant corporation, which was proceeding along Mt. Auburn Street in said Watertown; that upon the arrival of said car at the Watertown car barn, or transfer station, on Galen Street in said Watertown, it became necessary for the plaintiff to transfer to another car to go to Newton Square in the city of Newton which was her destination; that while in the act of transferring at said car barn, or transfer station, the plaintiff being at all times a passenger of the defendant and in the exercise of due care, was struck by the car of the defendant company on which she had been riding, and was thrown to the ground suddenly and violently, all through the negligence and fault of the defendant and its servants, was severely injured and that by reason of the carelessness, negligence and fault of the defendant, its servants and agents, the plaintiff has suffered great pain of body and mind, been put to great expense for medical treatment and has been and is at the time of bringing this action unable to perform her accustomed duties and is still suffering from the injuries then and there received, all of which is to her great damage."

In the Superior Court the case was tried before *Lawton*, J. The substance of the evidence is described in the opinion. The plaintiff "further testified that when the Watertown car arrived, the Newton car was waiting to take passengers from the car from which she had come; that she had been given a transfer by the conductor on her car to use on the car that was waiting; that eight to ten or a dozen passengers from the Watertown car went forward to take the waiting car."

At the close of the evidence the judge refused to order a verdict for the defendant, and in his charge "left it to the jury to determine whether or not the plaintiff was a passenger." To this part of the charge, the defendant excepted.

The jury returned a verdict for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*F. J. Carney,* for the defendant.

*F. H. Stevens,* for the plaintiff.

CARROLL, J. The plaintiff was a passenger on one of the defendant's cars in Watertown, intending to go to Newton. This car, hereafter referred to as the Watertown car, went no farther than the car barn on Galen Street in Watertown, and it was necessary for her to change there in order to enter the Newton car, which was about three car lengths farther on in a direct line. When the Watertown car stopped at the car barn, the conductor said, "All change here. All change. All change for Newton." The passengers then alighted, the plaintiff being the last one in the car, and leaving at the rear end. While she was walking on Galen Street in the direction of the Newton car, the Watertown car started, and as it rounded the curve to enter the barn the side of it struck her. She was familiar with the locality and knew that the Watertown car was to enter the car barn and that the curve from the street to the barn was a sharp one. There was a verdict for the plaintiff.

In her declaration the plaintiff alleged that while transferring from the Watertown to the Newton car, she was a passenger. The presiding judge left it to the jury to decide whether, on the facts shown, she was such, and the defendant's exception to this part of the judge's charge presents the only question for decision.

The plaintiff when injured, was not on the defendant's premises, nor at a station or platform in use for the purpose of transferring passengers and within the control of the carrier; neither was she under its direction and within its care. She was upon a public highway where she was exposed to dangers not caused by the defendant. In passing from one car to the other she could go on either side of the car, she could choose her own way and her movements were entirely under her own guidance. While so walking on a public highway and in transferring from one car to the other, as matter of law, she was not a passenger.

There may be cases where there is evidence to show that the carrier assumes to direct the movements of persons while upon the highway, or where such a duty rests upon it and where the facts justify the finding that although upon the highway, they are in the care of the carrier and the relation of passenger and carrier exists. But there are no such facts in the case at bar.

In *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488, the passenger was injured while in the act of alighting from a car, by

stepping into a depression. In *Powers* v. *Old Colony Street Railway*, 201 Mass. 66, the running of the defendant's cars was interrupted by the abolition of a grade crossing, and it was necessary for the passengers to leave the cars and go round the obstruction on foot, to take other cars in order to continue their travel. The defendant prepared a way over adjoining land for its patrons to pass. It pointed out this way to them, invited them to use it and by so doing assumed an obligation to provide reasonably for their safety; it was held that the question of the defendant's care was for the jury. In the case of *Gurley* v. *Springfield Street Railway*, 206 Mass. 534, the plaintiff was upon the defendant's premises when injured. In *Tompkins* v. *Boston Elevated Railway*, 201 Mass. 114, the plaintiff stepped from the front vestibule of a crowded surface car to permit other passengers to alight, and was injured by the car starting when he had one foot on the step "and was putting up the other foot." It was there held he was a passenger.

All these cases are to be distinguished from the one before us. In none of them was the injured person a traveller on a public street. In the case at bar there was no assumption of the duty of directing the movements of passengers, nor was there any holding itself out as a carrier of passengers in protecting the safety of those who were travelling from one car to the other.

If the defendant was guilty of negligence, it was, of course, liable to the plaintiff; but it cannot be held to that high degree of care required of a carrier toward its passengers. See *Duchemin* v. *Boston Elevated Railway*, 186 Mass. 353.

The plaintiff cannot recover under her present declaration. The question of a proper amendment is for the Superior Court to pass on.

*Exceptions sustained.*