## ROBERT FONE *vs.* IRA P. ELLOIAN.

Suffolk.  May 15, 1936. — March 31, 1937.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Guest, Motor vehicle.

A boy, invited with other boys by the operator of a motor truck to ride to a pond for a swim and home again, could be found not to be a guest of the operator during an interval after he had got off the truck at the pond and before the homeward trip began, so that the operator might be found liable for injuries to the boy caused by ordinary negligence on his part in the care of the truck during that interval.

Evidence that the operator of a motor truck parked it on a slope of loose dirt and stones at the edge of a large, level field, and that, after about ten minutes, although no one had touched it, the truck started down the slope and injured a boy whom he had left near it, warranted a finding of negligence of the operator.

TORT. Writ in the Superior Court dated January 16, 1932.

The action was tried before *Morton,* J., who ordered a verdict for the defendant and reported the action to this court.

*S. L. Solomont,* (*M. E. Gallagher* with him,) for the plaintiff.

*D. H. Fulton,* for the defendant.

DONAHUE, J. The defendant, on a warm August evening, invited the plaintiff, a boy eleven years of age, and several other boys and girls to ride on an automobile truck driven by the defendant from the neighborhood of the plaintiff's home in Charlestown to a pond located in Medford, for the purpose of going swimming. Upon arrival at the vicinity of the pond the defendant parked the truck on a steep bank. Everyone got off and all went swimming except the plaintiff and another boy. Neither had brought a bathing suit and neither could swim. They remained near the parked truck. About ten minutes after the truck

had been parked, although no one in that time had touched it, the truck started down the bank, crushing the plaintiff, who was in front of it, against a tree.

By reason of the defendant's invitation and the plaintiff's acceptance thereof, the undertaking of the defendant was the transportation of the plaintiff to the pond and, by implication, transporting him home again. The undertaking was gratuitous and created the relation of guest and host between the plaintiff and the defendant during such time as the defendant was engaged in that undertaking. Under our decisions the duty of the defendant in the matter of using care, so long as the plaintiff remained a guest, was merely to refrain from conduct which was grossly negligent. *Massaletti* v. *Fitzroy*, 228 Mass. 487.

It is the defendant's contention that, during the interval of time between the arrival of the truck at the pond and the injury to the plaintiff ten minutes later, the guest relationship continued and furnished the measure of the quantity of care which during that interval the law required of the defendant.

But the undertaking of the defendant which created the guest relationship had to do only with the transportation of the plaintiff. When the truck was parked and everyone got off no further journey was immediately contemplated. The defendant no longer had, or assumed to have, any control over the person of the plaintiff. The plaintiff was free to go where he chose and to do as he wished. The defendant went swimming in the pond. The plaintiff stayed in the vicinity of the truck. Their earlier common interest, the transportation of the plaintiff to the pond, had ceased. In the contemplation of the parties such a common interest would not again arise until, at some time which was not fixed, the homeward transportation of the plaintiff should be undertaken by the defendant.

We think that there was here evidence which, if believed, would warrant a finding that, at the time of the plaintiff's injury, the guest relationship which earlier existed had terminated. Upon the termination of a special relationship between parties which fixes the character and

the extent of the legal obligation as to using care owed by a defendant to a plaintiff, if no other such special relationship then arises (*Rhoades* v. *Boston Elevated Railway*, 232 Mass. 361), the duty of the defendant is to use ordinary care to avoid injuring the plaintiff. *Conley* v. *Rosenfield*, 271 Mass. 433. *Noonan* v. *Boston Elevated Railway*, 263 Mass. 305. Where a special relationship determinative of the duty of a defendant as to using care has ceased for a time, although it is later to be resumed, the obligation of the defendant in the interim is not that fixed by the special relationship. *Niles* v. *Boston Elevated Railway*, 225 Mass. 570. If, as might have been found, the plaintiff in this action after arriving at the pond had ceased to be a guest passenger and up to the time of his injury had not resumed that relationship, the obligation upon the defendant was to use reasonable care to avoid injury to the plaintiff. See *Hunter* v. *Baldwin*, 268 Mich. 106.

The defendant left the truck with its rear wheels on level ground and its front wheels down a bank which consisted of loose dirt and stones. From the level ground to the bottom of the bank was about six or seven feet and there was a drop of about five feet. There was no evidence that the brakes or gears were set by the defendant before he left the truck and there was testimony that no one touched it after he left it. There was testimony that the level field was about two hundred yards long and one hundred fifty yards wide. There were some men playing catch with a ball in the field but the reason or the necessity for the defendant choosing the steep bank as a place to park his truck rather than somewhere else in the large level field does not appear.

The trial judge on motion of the defendant directed a verdict for him at the close of the plaintiff's evidence and therefore no evidence was introduced by the defendant. The plaintiff was not obliged to show that a specific negligent act or omission of the defendant was the cause of the truck starting down the bank. It was enough if the evidence introduced warranted the inference that negligence of the defendant was the cause of the truck starting in

motion and injuring the plaintiff. *Magee* v. *New York, New Haven & Hartford Railroad,* 195 Mass. 111. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47. *Washburn* v. *R. F. Owens Co.* 258 Mass. 446, 450. See *Glaser* v. *Schroeder,* 269 Mass. 337. Such an inference might be negatived if there was other believed testimony explanatory of the occurrence introduced by the defendant. There was here no such explanation.

We are of the opinion that the evidence introduced warranted the inference that the defendant was negligent either in his choice of the place where he left the truck or in the condition in which he left it, and that it was for the jury to say whether, under the circumstances, including the age of the plaintiff and the fact that he was left in the vicinity of the truck, his injury was a consequence of that negligence which reasonably should have been foreseen by the defendant.

In accordance with the terms on which the case was reported, the direction of a verdict being error, there must be a new trial.

*So ordered.*