## McGREGOR MILLING & GRAIN CO.
### v. RUSSO.
### No. 2963.

Court of Civil Appeals of Texas. Waco.
Nov. 1, 1951.

Rehearing Denied Dec. 6, 1951.

Witt, Terrell, Jones & Riley, Waco, for appellant.

Fitzpatrick & Dunnam, Waco, for appellee.

TIREY, Justice.

Miss Martha Russo, a feme sole, brought this suit against the McGregor Milling & Grain Company, a corporation, to recover damages for injuries she sustained while enroute from Waco, Texas, to Fort Worth, Texas, and alleged that at the time she

received her injuries she was a guest of James Marshall Crouch, an agent of said corporation, who was acting within the scope of his authority by virtue of his employment. She alleged in effect that the parking of the car on the paved portion of the highway was intentional on the part of Crouch, and that his conduct in so doing was heedless and in reckless disregard of her rights and safety. Crouch was killed in the accident, but his estate was not made a party defendant to this cause. Defendant seasonably filed motion for peremptory instruction, which was overruled.

It is without dispute that the highway at the point of the accident in question was approximately 100 feet wide; that the concrete slab was 20 feet wide and divided into two traffic lanes, one for traffic moving south and one for traffic moving north. The shoulders of the highway were constructed and improved with gravel and were wide enough for cars to park on the gravel. While Crouch and Miss Russo were proceeding just beyond the town of Burleson one of his rear tires blew out and he brought the car to a stop and left it standing on a part of the paved portion of the traffic lane provided for. traffic moving in a northerly direction. While Crouch was engaged in changing the tire one Garcia, driving a car in a northerly direction, struck Miss Russo. Evidence was tendered to the effect that the accident happened just about dusk. It was cloudy and cold and misting rain and the rain was freezing on the windshields and some of the passing cars had turned on their lights.

The jury in its verdict found substantially that Miss Russo was a guest of Crouch at the time of the accident and injuries and that Crouch, in driving and operating the automobile, was acting within the scope of his employment; that Crouch parked the automobile with a portion of the same on the paved and main traveled portion of the highway and his car was standing in such place at the time the collision took place; that it was possible for Crouch to have parked the car off of the paved and main traveled portion of the highway and that Crouch acted in a heedless and reckless disregard of others, including Miss Russo,

by such parking; that the parking of the car on the paved and main traveled portion of the highway was a proximate cause of the collision; that Miss Russo sustained injuries and damages as a direct and proximate result of the parking and leaving of the car with a portion thereof on the paved and main traveled portion of said highway, and awarded her damages in the sum of $5,550.

The jury further found that Garcia drove a stolen automobile down the highway with his windshield frozen over, so that he could not see out of it, but found that such acts of Garcia were not the sole proximate cause of the collision, and that such acts of Joe Garcia, in driving his car in such condition, were not a new and independent cause of the accident; that Garcia was driving the car at an excessive rate of speed under the circumstances but found that such driving was not the sole proximate cause and that such excessive rate of speed was not a new and independent cause of the accident; that Garcia was driving his car without keeping a proper lookout for cars ahead of him, but also found that such conduct was not the sole proximate cause of the accident; that Garcia's failure to keep a proper lookout was not a new and independent cause of the accident; that Garcia failed to discover the car in which Miss Russo and Crouch had been riding prior to the accident, but found that such failure was not the sole proximate cause, and that such failure was not a new and independent cause of the accident. The jury further found that Garcia failed to drive to his left around the car in which Miss Russo and Crouch had been riding and further found that such failure of Garcia was not the sole proximate cause and that it was not a new and independent cause of the accident. It also found that Garcia drove his car on the highway when his windshield wiper was not working, and that such conduct was not the sole proximate cause, and that it was not a new and independent cause of the accident; that the action on the part of Crouch in having Miss Russo accompany him on a trip was a deviation of his employment as an agent of the corporation, but that the action of Crouch in having Miss Russo.

accompany him on the trip was not an act beyond the scope of his employment.

The jury acquitted Miss Russo of gross negligence, but convicted her of negligence in the following respects and found that each was a proximate contributing cause of the accident; (1) failure to protest to Crouch as to the place he stopped the automobile; (2) failure to request Crouch to move the automobile before the collision; (3) failure to move away from the automobile prior to the collision; (4) failure to get in a safe place prior to the collision; (5) standing outside of the automobile at the time of the collision; (6) standing behind the car of James Marshall Crouch at the time of the collision; and (7) failure to keep a proper lookout. The jury also found that her injuries were not "the result of an unavoidable accident."

After the verdict was rendered the appellant seasonably filed motion for judgment non obstante veredicto and to disregard certain findings of the jury and stated the reasons therefor and prayed the court to render judgment for defendant. Contemporaneously therewith the defendant filed motion for judgment based on the verdict of the jury and set out the reasons therefor and the court overruled each of the foregoing motions and granted plaintiff's motion for judgment and the decree awarded to Miss Russo the sum of $5,550, as found by the jury.

Appellant's first point is substantially that the court erred in overruling its motion for peremptory instruction as well as judgment non obstante veredicto, because there is no evidence that appellant owed or violated any duty to plaintiff who, after getting out of the automobile safely, voluntarily walked on to the highway where she was struck by a passing motorist. We think this contention must be sustained.

In Thomas v. Southern Lumber Company, Tex.Civ.App., 181 S.W.2d 111, 113, this court held: "It is fundamental that no act or omission can be wrongful within the meaning of the law of torts so as to form the basis of recovery for damages unless such act or omission involves the violation or neglect of some legal duty which the person sought to be charged therewith owes to the injured party at the time and place of injury. In the absence of any such duty or of injury resulting from its breach, there can be no actionable negligence and hence no legal liability or right of recovery for damages." See points 1 and 2, and cases there cited. In Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057, 1059, we find this statement: "In order to render the master liable for the acts of his servant, such act must be committed within the scope of the general authority of the servant, in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed."

The first question that must claim our attention is, was Miss Russo a guest of defendant corporation, or only the guest of James Marshall Crouch, deceased? In so doing we must look to her testimony (and all the surrounding circumstances) because her testimony is direct and positive on the relationship existing and there are no circumstances in the record tending to discredit or impeach her testimony with reference to this relationship, nor was any testimony tendered by any witness that conflicted with her testimony in this behalf. See Dunlap v. Wright, Tex.Civ.App., 280 S.W. 276, point 6, at page 279. A statement is necessary.

Crouch was assistant manager of defendant corporation and on the occasion in question was driving a company car on company business, going from McGregor to Fort Worth to attend an OPA meeting of the Texas Grain Dealers' Association. Miss Russo was not an employee of defendant corporation and never had been. She testified to the effect that she had known Crouch for about four years prior to the accident (January 12, 1944); that Crouch called her over long distance the afternoon of the 11th and invited her to go with him the next day and that he "picked her up" in Waco around 3 o'clock in the afternoon, the day of the accident; that the weather was cold but not severe when they left Waco; that no one accompanied them on the trip and that she went prepared to

spend the night; that the further north they drove the worse the weather became, and that this accident occurred a short distance north of the town of Burleson on Highway 81, it being the main highway from Waco to Fort Worth; that one of the rear tires blew out, as Crouch was passing a car, and he drove over and stopped on the concrete slab; at the place he stopped the shoulders of the road were graveled and were wide enough for cars to park on the gravel, but that Crouch stopped his car wholly on the concrete; that he got out to see what had happened and said something about not having a jack and he walked to a filling station, about 100 feet north, and she saw him go next door and he came back with a jack; that she was sitting on the front seat, on the right hand side, and she did not get out of the car; that it was cold and it began to mist and sleet and the mist was freezing, but the ice was not forming on the windshield of the Crouch car because the windshield wipers were working; that after Crouch came back with the jack he went to the rear of the car and "I made a move toward him like I was getting out and he said, 'you stay in the car, it is too cold for you';" that she obeyed Crouch's instructions; that the Crouch car was facing north and that the first indication she had of a vehicle coming from Waco and going in the direction of Fort Worth was, "I was relaxed, sitting on the front seat on the right hand side of the car, just relaxed, and I saw a light on the windshield; it was getting dusk then and I saw the light on the windshield; that is the last I remember * * *, the next thing I remember I was in a hospital." Her injuries were most serious and no complaint is made as to the amount awarded to her by the jury. Miss Russo further testified:

" * * * Q. You were on a pleasure trip? A. Yes, sir. * * *

"Q. You were going along as a personal guest of Mr. Crouch? A. Yes, sir. * *

"Q. Were you fond of him? A. I was.

"Q. And he was fond of you? A. He was.

"Q. You wouldn't have injured him would you? A. No, sir.

"Q. And you don't think he would have undertaken to hurt you? A. I don't think he would.

"Q. You had known him well enough to travel around over the state with him for four years, and register as his wife? A. Yes.

"Q. And you intended on this trip to Fort Worth to register as man and wife? A. Yes, sir."

 It is our view that Miss Russo was the guest of Crouch and was in no sense the guest of the defendant corporation; that Crouch's relationship with her was outside the scope of his employment and the business of his employer was not being furthered by his relationship with her; that the corporation had no relationship with Miss Russo that would create any duty to her. In the absence of any such duty, or of injury resulting from its breach, there can be no actionable negligence, and hence no legal liability or right of recovery for damages. Since the jury convicted Miss Russo of contributory negligence in seven different particulars and further found that each was a contributing cause of her injuries, she cannot recover against the defendant corporation for the negligence of its agent. Assuming, for the sake of argument only, that Miss Russo was the guest of the defendant corporation when she became a passenger in this car at Waco, it is our view that she cannot recover against the corporation for the following reasons: Miss Russo testified to the effect that when Crouch came back with a jack and started changing the tire that she made a move toward him, as if she intended to get out of the car, and Crouch told her not to do so; the instructions from Crouch to her not to get out of the car are without dispute. Evidence was tendered to the effect that she did get out of the car and walked back of the car and was standing behind the car at the time of the collision, and the jury so found, and convicted her of negligence in this respect, and in six other instances, and further found that such negligence in each was a proximate contributing cause of her injuries. When Miss Russo got out of the car and walked to the rear she violated the

instructions of her host and her movements on the highway were no longer under the immediate control of the agent of the defendant corporation. She was upon a public highway, where she was exposed to dangers not caused by the defendant corporation, and she having violated the instructions of her host in getting out of the car, her movements in going to the rear of the car on the highway were entirely under her own guidance.

In Fone v. Elloian, 297 Mass. 139, 7 N.E.2d 737, 738, we find this general statement by the Supreme Court of Massachusetts: "Where a special relationship determinative of the duty of a defendant as to using care has ceased for a time, although it is later to be resumed, the obligation of the defendant in the interim is not that fixed by the special relationship." See also Niles v. Boston Elevated Ry. Co., 225 Mass. 570, 114 N.E. 730. We believe that the foregoing general statement is sound law and is applicable to the factual situation here.

Appellant's point 2 is substantially that there is no evidence to support the finding of the jury to the effect that the acts of Crouch in parking the car with a portion thereof on the highway constituted gross negligence under the terms of art. 6701b, Vernon's Ann.Civ.Stats.

Assuming, for the sake of argument, that Miss Russo was the guest of defendant corporation and that such relationship was not terminated by her getting out of the car and standing on the highway, does the evidence tender such issue? We think not. This statute has been the subject of much litigation and much has been written thereon. Rogers v. Blake, 240 S. W.2d 1001, is the latest expression of our Supreme Court on this matter, and in this opinion the leading cases are reviewed in both the majority and dissenting opinions. As we understand the foregoing opinion the question before us is, does the evidence raise an issue of fact that Miss Russo's injuries and damages were caused by Crouch's heedlessness or reckless disregard of the rights of others, or was Crouch guilty of gross negligence? In Missouri Pac. Ry. Co. v. Shuford, 72 Tex. 165, 10 S. W. 408, 411, we find this definition of gross negligence by our Supreme Court: "Gross negligence, to be the ground for exemplary damages, should be that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the right or welfare of the person or persons to be affected by it." Our Supreme Court has never departed from the foregoing definition and in Rogers v. Blake, supra [240 S.W.2d 1003], said: "In discussing the meaning of 'gross negligence', this Court has said: 'It is to be observed that the definition quoted uses the words "conscious indifference," thus stressing the mental attitude of the person charged to have been grossly negligent. Gross negligence is positive or affirmative, rather than merely passive or negative as ordinary negligence often, and perhaps usually, is. As said in the discussion in Ruling Case Law of the right to recover exemplary damages for gross negligence: "The rule is that recovery is permitted in, and confined to, cases where the negligence is wilful, or where it is so gross as to indicate wantonness or malice." * * * Mere indifference is not enough. The indifference must be conscious. The indifference is to the rights or welfare of the person or persons who may be affected by the act or omission. * * *

" 'See Bennett v. Howard, 141 Tex. 101, 170 S.W.2d 709, 713, where this Court, after a thorough discussion of the cases involving liability for exemplary damages for gross negligence, says: "This question was again before this Court in the case of Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022, and in an opinion written by Judge Hickman the rule announced in the Shuford and Robertson [Texas Pac. Coal & Oil Co. v. Robertson, 125 Tex. 4, 79 S.W.2d 830, 98 A.L.R. 262] cases was reiterated. We adhere to the rule announced in the cases above mentioned, and any rule to the contrary announced in other cases, in conflict therewith, is hereby overruled." ' " So, in the majority opinion of Rogers v. Blake, supra, we find the applicable and controlling law to the factual situation here before us.

We come back to the question, does the evidence tender the issue of gross negligence on the part of Crouch acting as the agent of the defendant corporation? It is clear and positive that under the testimony of Miss Russo the accident was not intentional on the part of Crouch. The next question that arises is, was it caused by his heedless or reckless disregard of the rights of others, and particularly Miss Russo? Here again we must look to the testimony of Miss Russo which portrays the relationship existing between her and Crouch at the time of the accident and all the surrounding circumstances. The evidence shows that Crouch brought the car to a stop after the blowout and that he went to the rear to see what his trouble was and then went to a filling station to get a jack for the purpose of changing the tire. Although the weather was bad he apparently went forthwith, but the exact time is not given. When he got back he went to work changing the tire and Miss Russo said she was sitting in the car relaxed and was not conscious of any danger or the dangerous position that she was in. Shortly after Crouch came back she said, "I made a move toward him like I was getting out and he said, 'you stay in the car, it is too cold for you.'" She further testified to the effect that she was fond of Crouch and that he was fond of her and that she would not have injured him and that she did not think he would have undertaken to hurt her. Her testimony and all the circumstances preclude the idea of conscious indifference on the part of Crouch, but on the contrary show that he was solicitous and concerned about Miss Russo's welfare.

■ Applying the rule announced in Rowan v. Allen, supra, which in effect is, bearing in mind the relationship existing between the parties and all other surrounding circumstances, the evidence here tendered does not raise the issue that Crouch parked his car in reckless disregard of the rights of Miss Russo, or that he was consciously indifferent to her welfare. No facts or circumstances are shown that would justify the inference that Crouch's conduct was grossly negligent and therefore within the terms of our guest statute.

Under the pleadings and the record here made, Miss Russo, in order to recover, must recover on the theory that she was the guest of defendant corporation and that its agent was guilty of gross negligence within the terms of our guest statute. It is our view that she has wholly failed to carry her burden in each respect, and appellant's point 2 is sustained. Because of the views herein expressed, appellant's other points become immaterial. Accordingly, the court should have granted defendant's motion for instructed verdict, and having failed to do that, should have granted motion for judgment non obstante veredicto, and the judgment of the trial court is reversed and judgment is rendered in favor of appellant.