ROBERT E. WHEATLEY *vs.* THOMAS B. PEIRCE, JR.

Norfolk.    April 3, 1968. — June 28, 1968.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Negligence,* Gratuitous undertaking, Motor vehicle, Imputed negligence.

Evidence in an action that during a discussion of sports cars the defendant told the plaintiff that he had never seen the make of sports car owned by the plaintiff, whereupon the plaintiff invited him to drive it, which he did with the plaintiff as a passenger, and that negligence of the defendant in operating the car injured the plaintiff, required a conclusion as matter of law that the defendant did not undertake to confer any benefit on the plaintiff and owed him the duty to exercise reasonable care, not merely to refrain from gross negligence [576–577]; the defendant's negligence was not to be imputed to the plaintiff [577]; and the issues of contributory negligence and voluntary assumption of risk on the part of the plaintiff were properly left to the jury under correct and full instructions [577].

TORT.    Writ in the Superior Court dated September 1, 1964.

The action was tried before *McLaughlin,* J.

*Timothy H. Donohue* for the defendant.
*Edward J. Barshak* for the plaintiff.

KIRK, J.  In this action of tort for personal injuries in a single count alleging negligence in the operation of a motor vehicle the jury awarded damages to the plaintiff. The case is before us on the defendant's exceptions to the denial of his motion for a directed verdict, to the refusal to give requested instructions and to portions of the charge.

We summarize the evidence, all of which, so far as it relates to events preceding the accident, came from the defendant Peirce.  On June 20, 1964, the plaintiff (Dr. Wheatley) and Peirce, theretofore strangers, were, with their wives, among the guests at a dinner party given by a third person at Marblehead.  After dinner the two men discussed sports cars.  Dr. Wheatley owned an eight cylinder Daimler.  Peirce owned a four cylinder Alpine Sunbeam. Both cars were two seaters, were operated manually by floor shifts with clutches and had four speeds.  Peirce told Dr. Wheatley that he had never seen a Daimler.  Dr. Wheatley invited Peirce to drive his Daimler.  Peirce accepted.  Both men rode in the car.  Peirce got behind the wheel and did all the driving.  Peirce had been a resident of Marblehead for several years; he was familiar with the streets of the town and with the causeway which connects the mainland and Marblehead Neck.  He drove through the narrow, winding streets of Old Marblehead going up and down hills. It is a congested area in which persons have difficulty driving all kinds of cars.  Dr. Wheatley suggested that they go out to the causeway where they could drive faster.  Peirce then drove across the causeway to Marblehead Neck as he had done many times before.  At the end of the causeway he turned the Daimler around so that it was headed back toward Marblehead.  The car was "at a dead stop."  Peirce knew that at the other end of the causeway, about one-half or three-fourths of a mile away, there was a sharp curve, about a seventy degree turn bordered by a chain link fence. Peirce was unable to say how fast the car was traveling at any point on the causeway before the accident happened. He remembered nothing from the time he started back over the causeway to the point of the accident, except that in a

conversation with Dr. Wheatley when they had just started up to return across the causeway, Dr. Wheatley said, "Open it up." Peirce could not say what gear the car was in at that point. The Daimler was found upside down with the chain link fence wrapped around it. Dr. Wheatley was beneath the vehicle. On the roadway were two tracks of tire burn marks, 416 feet long, the right hand track three feet to the left of the painted double center line in the road. At the end of the burn marks in the direction of the mainland were solid brake marks thirty-one feet long. The posted speed was twenty-five miles an hour.

Dr. Wheatley's injuries resulted in a retrograde amnesia which deprived him of memory of all that took place from the time they left Old Marblehead until he regained consciousness at the hospital. It is not disputed that a finding of negligence was warranted.

1. Peirce's main contention is that on the evidence, he, as the defendant operator, owed to Dr. Wheatley as plaintiff owner and passenger, only the duty to refrain from gross negligence, and that since gross negligence was neither alleged nor proved he was entitled to a directed verdict. He asks us to hold that the judge's instruction that on the evidence Peirce owed to Dr. Wheatley the duty to exercise reasonable care was error.

We are aware of no case which deals with the proposition advanced by the defendant Peirce, and the diligence of counsel has produced none.[1] Accordingly, we deal with the contention as an original proposition.

In this Commonwealth an exemption from the standard of reasonable care which must generally be observed by one person to another has been made in favor of one who undertakes gratuitously to benefit another. Both the general rule and the exemption from it are common law developments. See *Ruel* v. *Langelier,* 299 Mass. 240, 242, 243. The exemption arises from the existence of a special relationship. *Fone*

---

[1] For a collection and discussion of cases from other jurisdictions, most of which construe local guest statutes, see Belstock, Comments: Can a Person be a "Guest" in his Own Car? 38 U. Colo. L. Rev. 346.

v. *Elloian,* 297 Mass. 139, 140–141. The exemption establishes that the duty, owed by one who enters upon a gratuitous undertaking for the benefit of another, is as to that other, only to refrain from gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 508. *Bagley* v. *Burkholder,* 337 Mass. 246, 248. Over the years, because of frequent resort to the exemption in motor vehicle tort litigation in which the relation of host and guest allegedly existed, the exemption came to be referred to as the guest rule or the "guest relationship." *Fone* v. *Elloian,* 297 Mass. 139, 140.

We repeat, as Mr. Justice Qua pointedly cautioned in *Ruel* v. *Langelier,* 299 Mass. 240, 242, that despite the great number of cases involving the host-guest relationship in motor vehicle litigation, the broad principle on which the exemption rests should not be overlooked: "The words 'host' and 'guest' often used in cases of this kind must not be allowed to obscure the principle underlying our decisions. As abundantly demonstrated in the leading case of *Massaletti* v. *Fitzroy,* 228 Mass. 487, that principle, stated in very general terms, is that, when one enters upon a gratuitous undertaking for the benefit of another, the duty of care which he owes to that other with respect to his acts of commission or of omission in the carrying out of the undertaking is only the duty to refrain from gross negligence."

With the underlying principle in mind, we consider the evidence and direct the inquiry first to whether Peirce, the operator who seeks to invoke the exemption in his favor, entered upon an undertaking for the benefit of Dr. Wheatley and, if that be so, second to whether the undertaking for the benefit of Dr. Wheatley was gratuitous. The evidence points with certainty to the conclusion that Peirce did not enter upon an undertaking for the benefit of Dr. Wheatley. It was Peirce's statement that he had never seen a Daimler that led to the invitation by Dr. Wheatley to drive the car. Peirce accepted and Dr. Wheatley rode with him as a passenger. Whatever benefit there was in the situation flowed from Dr. Wheatley to Peirce rather than the reverse. On the evidence we are able to say as matter of law that Peirce

did not undertake to confer any benefit on Dr. Wheatley. It follows that Peirce cannot bring himself within the exemption which would avail him the lesser duty of care, i.e. "only the duty to refrain from gross negligence." This conclusion as to the first phase of the indicated inquiry makes it unnecessary to consider the second phase, whether the undertaking was gratuitous.

The judge's instructions on the applicable standard of care were correct.

2. There is no merit to Peirce's contention that his negligence should be imputed to Dr. Wheatley.[2] "In certain relationships the negligence of one person is imputed to another in favor of third persons. But a wrongdoer cannot by a fiction of law attribute his own wrongdoing to the victim." *Alderman* v. *Noble*, 296 Mass. 30, 32.

3. The judge correctly and fully instructed the jury on the issues of contributory negligence and voluntary assumption of risk, both pleaded by the defendant. He emphasized that the jury could consider the fact of Dr. Wheatley's ownership of the car in passing upon the reasonableness of his conduct for his own safety. He left it to the jury to decide if Dr. Wheatley by commission or omission of word or deed failed to conform to the standard of reasonable care required to be exercised for his own safety in the circumstances.

There was no error.

*Exceptions overruled.*

---

[2] General Laws c. 231, § 85F, added by St. 1966, c. 450, does not affect the case.