*Southern District*

No. 3857/69

JOSEPH L. ANTONIEWICZ

v.

CHERYL MICHAEL

Argued: ——————— - Decided: ———————

*Present:* Nash, P.J., Owen, Murphy, J.J.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol No. 3857/69

*Owen, J.* This is a petition for contribution brought by a joint tortfeasor under provisions of Massachusetts G.L. c. 231B to recover a contribution to payment made in settlement of a claim for personal injuries received by Joyce Lima while riding as a passenger in her own motor vehicle operated by the defendant Michael. The petition alleged both negligence and gross negligence on the part of the defendant and further alleged that Lima had made claim for her injuries against the plaintiff and payment had been made to Lima for a release given to the plaintiff Lima. The answer is general denial and answer to the petition.

*There was evidence on behalf of the defendant that* she and Lima had been friends for years, they worked at the same place and Lima drove the defendant to work every day without charge; on the day of the accident Lima was driving defendant to work and felt dizzy and ill and asked defendant to drive; they arrived

early at work and Lima asked the defendant to drive her around until time for work in an attempt to relieve Lima of her ill feeling. Defendant was operating the Lima car as requested and came to an intersection at about 15 miles per hour. Defendant looked right and left and, seeing no traffic, started across the intersection in second gear and was halfway through the intersection when she saw plaintiff's vehicle on her left travelling at 30 to 35 miles per hour and plaintiff hit the Lima car on the left front fender causing it to hit a house at the intersection. As a result of the accident Lima had severe, prominent lacerations of her face.

*There was evidence on the behalf of the plaintiff that* he was operating at 20 miles per hour one car length away from the intersection when he saw the car operated by the defendant travelling at 30 - 35 miles per hour one car length from the intersection; the plaintiff immediately applied his brakes but hit the car operated by the defendant in the center of the intersection.

Lima's claims for damages against the plaintiff in this accident were settled by the plaintiff in return for a release from any and all claims resulting from the accident.

The defendant duly filed four requests for rulings which the court denied.

The plaintiff duly filed two requests for rulings which were allowed by the court.

The court found that Lima picked up Michael

to take her to work, Lima owned the car and was not being paid to transport Michael. Lima became ill and asked Michael to drive, which she did, and while proceeding, into an intersection Michael shifted into second speed and looked both ways and saw nothing, and proceeded halfway through the intersection when she caught sight of plaintiff's car at her left and plaintiff's car right front area hit her left front fender.

The court found both operators negligent and found the settlement made with Lima to be fair and reasonable and found against the defendant for one half the settlement paid Lima as both operators were equally negligent.

The court found no gross negligence on the part of the defendant and ruled that ordinary negligence was sufficient to hold the defendant liable, citing the case of *Wheatley* v. *Pierce,* 354 Mass. 573.

Defendant's request for ruling number one that "to recover the plaintiff must show that the defendant's gross negligence caused the plaintiff's alleged damage" was denied by the court. The denial of the ruling was prejudicial error on the part of the court.

The purpose of the trip by the defendant and Lima at the time of the accident was at the very least a mutual social relationship between them. It is well settled under such circumstances that the defendant would be liable to Lima only for gross negligence. *Gray* v. *Lauziere,* 354

Mass. 683, *O'Brien* v. *Myers,* 354 Mass. 131, *Puro* v. *Heikkinen,* 316 Mass. 262.

It could have been found from the evidence that the defendant, when requested by Lima to drive around to help overcome a dizzy spell, entered upon a gratuitous undertaking for the benefit of Lima. It is well settled under such circumstances that the defendant would be liable to Lima only for gross negligence. *Bagley* v. *Burkholder,* 337 Mass. 246; *O'Brien* v. *Shea,* 326 Mass. 681; *Massaletti* v. *Fitzroy,* 228 Mass. 487.

A careful reading of the case of *Wheatley* v. *Pierce,* 354 Mass. 573, which was the basis for the finding of the trial court, shows that the owner passenger in that case conferred a benefit upon the defendant by permitting him to drive his car for the defendant's own purposes. This is different from the present case and the decision in *Wheatley* v. *Pierce* clearly indicates that gross negligence would be the only liability in the present case on the part of the defendant to Lima.

It is obvious from the foregoing discussion that the defendant was not liable to Lima because the court found the defendant was not guilty of gross negligence. It follows that the defendant is not liable to the plaintiff. G.L. c. 231B, § 1A. Mass. Practice Volume 12, Martin and Hennessey, Automobile Law and Practice, 100, § 1152.

Allowance of defendant's request for ruling

number one would have resulted in judgment for the defendant.

There being prejudicial error on the part of the court it is *ordered that judgment for the plaintiff be vacated and judgment be entered for the defendant.*

JOHN J. HARRINGTON
 for the petitioner.

WILLIAM J. FENTON & ANDREW S. CARD
 for the respondent.

## REPORTER'S NOTE

In cases where an innocent third person is injured as the result of the negligence of two independent parties, the Massachusetts courts in determining the right of contribution under G.L. c. 231B, §1 recognize differences in the standard of care and the existence of degrees of negligence, such as slight, ordinary and gross. Where the negligence of both wrongdoers is of the same degree, both are liable; they are in *pari delicto* (equal fault) and contributions are enforced under the statute. But where the duty of one wrongdoer is to refrain from ordinary negligence and the duty of the other wrongdoer is to refrain only from gross negligence and there is no evidence of the latter's gross negligence, the former alone must bear the entire loss on the theory that his negligence was the proximate cause. *O'Mara* v. *H.P. Hood & Sons, Inc.,* —— Mass —— (1971 AS 553).