LOTTIE PADUANO & others[1] vs. GREGORY F. TEFFT. July 8, 1976. On August 13, 1970, the plaintiff and her three children for whom she brings suit were guest passengers in a car owned and operated by the defendant. The vehicle left the road, thereby causing each of the four personal injuries. At trial, the judge denied the defendant's motion for a directed verdict made at the close of all the evidence (Mass. R. Civ. P.

[1] Raymond, Lisa, and Christina Bernier.

50 [a], 365 Mass. 814 [1974]). The jury, responding by special verdict to questions put to them (Mass. R. Civ. P. 49 [a], 365 Mass. 812 [1974]), found that the defendant was not guilty of gross negligence; they were unable to agree whether he was guilty of ordinary negligence (although it is stipulated that there was evidence to support such a finding against him). The jury was discharged. On motion for judgment in accordance with the motion for a directed verdict (Mass. R. Civ. P. 50 [b], 365 Mass. 814 [1974]), the judge directed entry of judgment for the defendant, applying the traditional rule of law that the standard of duty toward a guest passenger, as distinguished from a passenger for hire, was that of refraining from gross negligence. *Wheatley* v. *Peirce,* 354 Mass. 573, 576 (1968). The plaintiff took her appeal to the Appeals Court and we transferred the case here. In *Kolofsky* v. *Heath, ante,* 856 (1976), we held that the legislation abolishing the *Wheatley* rule and introducing a standard of ordinary negligence as to guest passengers (G. L. c. 231, § 85L, inserted by St. 1971, c. 865, § 1) applied only to causes of action arising after January 1, 1972 (see c. 865, § 2). The plaintiff-appellant in the present case advances an argument not made in the *Kolofsky* case, namely, that the principle of *Mounsey* v. *Ellard,* 363 Mass. 693 (1973), eliminating the old distinction between licensees and invitees for purposes of actions to enforce a landlord's duty of care, should extend also to efface the distinction between guest passengers and passengers for hire in actions to enforce an operator's duty of care; and should, moreover, be given retroactive effect under *Bouchard* v. *DeGagne,* 368 Mass. 45 (1975). We refrain from entering on a discussion of the relevance, or lack of it, of the *Mounsey* principle to the field of motor vehicle torts, since we believe that the language of the legislation (St. 1971, c. 865, § 2) — "This act shall take effect on January the first, nineteen hundred and seventy-two and shall apply only to causes of action arising after said date" — is to be read as assuming and confirming the existence of the traditional rule of the *Wheatley* case and changing it only as from January 1, 1972. This excludes any possibility that might otherwise exist for bringing the *Mounsey* principle to bear on a case like the present where the accident antedated the January 1, 1972, deadline. Cf. *Higgins* v. *Emerson Hosp.,* 367 Mass. 714, 715 (1975); *Carpenter* v. *Suffolk Franklin Sav. Bank, ante,* 314, 327 (1976); *Piotti* v. *Commonwealth, ante,* 386, 387-388 (1976).

*Judgment affirmed.*

*Robert P. Sullivan* for the plaintiffs.
*Richard K. Donahue* for the defendant.