## MASSACHUSETTS ASSET FINANCING CORPORATION, Plaintiff

v.

## HARTER, SECREST & EMERY, LLP, Sardone, Robinson & Schnell, MB Valuation Services, Inc., and Wanda Kinney–Canary, d/b/a Tri Tech Appraisal Services, Defendants

### No. CIV.A. 01–11612–REK.

United States District Court, D. Massachusetts.

Aug. 29, 2002.

Michael C. Gilleran, Pepe & Hazard, LLP, Boston, MA, for Plaintiff.

Mary M. Born, Richard W. Renehan, Timothy E. Moran, Hill & Barlow, Warren D. Hutchinson, Donovan Hatem LLP, Robert T. Gill, Dale A. Coggins, Patrick J. Dolan, Peabody & Arnold LLP, Timothy O. Egan, Peabody & Arnold, Boston, MA, for Defendants.

### Opinion and Order

KEETON, District Judge.

### I. Pending Matters

Pending for decision are the following motions:

(1) MB Valuation Services Inc.'s Motion for Summary Judgment (Docket No. 57, filed April 4, 2002) with Statement of Undisputed Facts (Docket No. 58, filed April 4, 2002), Memorandum in Support (Docket No. 59, filed April 4, 2002), and Affidavit of Scott Creel (Docket No. 60, filed April 4, 2002). Massachusetts Asset Finance Corporation has filed an Opposition (Docket No. 68, filed April 24, 2002) with Materials

in Support of Opposition (Docket No. 69, filed April 24, 2002), and Statement of Disputed Facts (Docket No. 70, filed April 24, 2002).

In response to the court's invitation, MAFCO has filed a Further Memorandum in Opposition to MB Valuation's Motion for Summary Judgment (Docket No. 82, filed May 10, 2002) and MB Valuation has filed a Memorandum of Law in Further Support of MB Valuation Services, Inc.'s Motion for Summary Judgment of Plaintiff's Negligence Claim (Docket No. 86, filed May 17, 2002);

(2) Harter Secrest's Motion to Strike Portions of the Affidavits of Richard Gordon, John Nadel, and Robert Boerman (Docket No. 71, filed May 1, 2002). MAFCO has filed an Opposition (Docket No. 78, filed May 2, 2002);

(3) MAFCO's Motion for Brief Delay in Hearing on Motion for Summary Judgment of Sardone Robinson (Docket No. 77, filed May 2, 2002);

(4) Stipulation to Extend the Time to Respond to the Complaint (Docket No. 83, filed May 13, 2002).

## II. Background

Plaintiff Massachusetts Asset Finance Corporation ("MAFCO") initially filed its Complaint (Docket No. 1) on September 20, 2001. MAFCO filed an Amended Complaint (Docket No. 2) on September 21, 2001. In the Memorandum and Order of February 12, 2002, the court informed MAFCO that its allegations of misrepresentations in phone conversations must comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). *See* Docket No. 34 at 5. The court allowed MAFCO's motion to amend the amended complaint. *See* Endorsed Order on Margin of Docket No. 40.

MAFCO's cause of action is summarized in the first section of the Second Amended Complaint entitled "Introduction," which states as follows:

The plaintiff, Massachusetts Asset Financing Corp. ("MAFCO") hereby complains of the defendant law firm Harter Secrest & Emery LLP in that while MAFCO made a loan to the law firm's client, American Mold Corporation of Rochester ("American Mold"), Harter Secrest, while having express knowledge that a substantial amount of the receivables of the client which MAFCO was financing and purchasing were in fact fraudulent, failed to disclose the fraud even when expressly asked about the validity of the receivables, and gave an unqualified opinion letter to MAFCO stating or implying that American Mold had good title to the receivables. MAFCO also complains of the defendant accounting firm Sardone Robinson & Schnell, American Mold's accountants, who represented to MAFCO in writing that the receivables were not misstated or misrepresented while it knew or should have known that a substantial amount of the receivables of American Mold which [sic] were in fact fraudulent. MAFCO further complains of defendant appraisers MB Valuation Services, Inc. in that MB, MAFCO's long-time appraisers, performed appraisal services on which MB knew MAFCO was relying which appraisal services were negligent and which caused MAFCO to make a loan to American Mold backed by grossly inadequate collateral. MAFCO finally complains of defendant appraiser Wanda Kinney–Canary, d/b/a Tri Tech, in that Tri Tech, which was directly engaged by MAFCO to perform appraisal services, also engaged in the negligent performance of appraisal services.

Docket No. 43 at 1–2.

Motions for Summary Judgment (Docket Nos. 47 and 57) have been filed by

Harter, Secrest & Emery, LLP ("Harter Secrest"), and MB Valuation Services Inc. ("MB"). Sardone, Robinson & Schnell ("Sardone") has filed a Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket No. 53).

MAFCO seeks to recover damages against defendants on eight counts. Count VIII is against Kinney–Canary, a defendant who has not filed one of the pending motions. The other seven counts are relevant to the pending motions and are as follows:

Count I:

*MAFCO v. Harter Secrest for misrepresentation*

Count II:

*MAFCO v. Harter Secrest for failure to disclose known fraud*

Count III:

*MAFCO v. Harter Secrest for violation of G.L. c. 93A*

Count IV:

*MAFCO v. Sardone Robinson for misrepresentation*

Count V:

*MAFCO v. Sardone Robinson for failure to disclose known fraud*

Count VI:

*MAFCO v. Sardone Robinson for violation of G.L. c. 93A*

Count VII:

*MAFCO v. MB Valuations for professional negligence*

Docket No. 43 at 11–20.

The pending motion for summary judgment (Docket No. 57) was filed by MB Valuation Services on April 4, 2002. Dispositive motions were also filed by Harter Secrest (Docket No. 47) and Sardone Robinson (Docket No. 53). The court heard arguments on these motions at the Case Management Conference of May 2, 2002. At that conference, the court denied the dispositive motions filed by Harter Secrest and Sardone Robinson. *See* Docket No. 81. The court did not rule on MB Valuation's motion, however, instead allowing the parties to file additional submissions addressing MB Valuation's contention that its actions must be assessed under a gross negligence standard. The parties have filed the allowed submissions. *See* Docket Nos. 82 and 86. The court will now consider the motion for summary judgment on the merits.

### III. Standard Applied by Court to Motions for Summary Judgment

Summary judgment is appropriate only when there are no genuine disputes as to material facts and the movant is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant satisfies this burden, the nonmovant must "demonstrate, through specific facts, that a trialworthy issue remains." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997).

Issues of fact are in "genuine" dispute if they may reasonably be resolved in favor of either party. *Id.* Facts are material if they possess "the capacity to sway the outcome of the litigation under the applicable law." *Id.* The facts in dispute must be significantly probative in order for the court to deny summary judgment; "conclusory allegations, improbable inferences, and unsupported speculation will not suffice." *Id.* If the undisputed material facts demonstrate that the nonmovant could not prevail on any legal issue, summary judgment is appropriate.

## IV. Material Dispute of Fact

A material dispute of fact exists regarding MB Valuation Service's involvement in the allegedly incorrect appraisal at the heart of this lawsuit.

Certain underlying facts are undisputed. First, it is undisputed that MAFCO had a business relationship with MB Valuation. *See* Docket No. 68 at 2–3 *and* Docket No. 58 at ¶ 1. Second, it is undisputed that MAFCO asked Scott Creel from MB Valuation to conduct an appraisal in connection to the American Mold loan. *See* Docket No. 68 at 3 *and* Docket No. 58 at ¶ 2.

The parties also agree that Creel rejected the appraisal work. *See* Docket No. 68 at 3 *and* Docket No. 58 at ¶ 3. A very fierce dispute arises, however, regarding the nature of Creel's response to MAFCO..

According to MB Valuation, after rejecting the offer, Creel suggested another appraisal firm, and had no other involvement in the American Mold appraisal. See Docket No. 58 at ¶¶ 3–8.

According to MAFCO, after rejecting the offer, Creel helped find a different appraiser, and also supervised and reviewed that appraiser's work. *See* Docket No. 68 at 3–4.

Each side offers one or more affidavits in support of its version of the facts. This dispute of fact goes directly to whether MB Valuation was involved in the allegedly faulty appraisal.

## V. Negligence Standard

The court did not rule in favor of MAFCO at the Case Management Conference of May 2, 2002, however, because of a separate legal issue that may make the above dispute of fact immaterial. MAFCO has alleged that MB Valuation acted negligently in connection with the appraisal. *See* Docket No. 2 at 16–17. MB Valuation argues that, under Massachusetts law, MAFCO must show that MB Valuation committed a tort under the higher standard of gross negligence.

The court allowed further submissions from the parties as to this legal issue. Each side filed a further submission. *See* Docket Nos. 82 and 86.

■ At this stage of the proceedings the court will look to Massachusetts law to determine the appropriate standard. MAFCO is incorporated and has its principal place of business in Massachusetts. The defendants are citizens of New York, Texas, and Kentucky. MAFCO alleges that the defendants, in written and verbal communications with MAFCO representatives in Massachusetts, made various misrepresentations and non-disclosures. The allegedly tortious conduct occurred, at least partially, in Massachusetts in view of these representations made to persons located in Massachusetts. Also, MAFCO's harm was suffered in Massachusetts, and Massachusetts has the greatest interest in protecting Massachusetts lending institutions from misrepresentations and non-disclosures, as well as assuring that they are not subjected to unfair and deceptive trade practices under chapter 93A.

All of these factors point to application of Massachusetts law. *See Goebel v. Schmid Brothers*, 871 F.Supp. 68, 75–79 (D.Mass.1994) (explaining relevant criteria in Massachusetts for choosing between laws of different jurisdictions); *see also, Bushkin Associates v. Raytheon Co.* 393 Mass. 622, 630–37, 473 N.E.2d 662 (1985).

The Supreme Judicial Court of Massachusetts has stated the duty for gratuitous undertakings as follows:

In this Commonwealth an exemption from the standard of reasonable care which must generally be observed by one person to another has been made in favor of one who undertakes gratuitously to benefit another. Both the general

rule and the exemption from it are common law developments. *See Ruel v. Langelier,* 299 Mass. 240, 242, 243, 12 N.E.2d 735. The exemption arises from the existence of a special relationship. *Fone v. Elloian,* 297 Mass. 139, 140—141, 7 N.E.2d 737. The exemption establishes that the duty, owed by one who enters upon a gratuitous undertaking for the benefit of another, is as to that other, only to refrain from gross negligence. *Massaletti v. Fitzroy,* 228 Mass. 487, 508, 118 N.E. 168 (1917); *Bagley v. Burkholder,* 337 Mass. 246, 248 149 N.E.2d 143.

*Wheatley v. Peirce,* 354 Mass. 573, 575–76, 238 N.E.2d 858 (1968).

Where a business relationship exists between the parties, the issue becomes more complicated because of the distinction in Massachusetts law between voluntary and gratuitous undertakings.

As explained by Judge Skinner of the District of Massachusetts:

Massachusetts has adopted the "good Samaritan" theory of negligence, which requires even a volunteer to use due care. *Mullins v. Pine Manor College,* 389 Mass. 47, 449 N.E.2d 331 (1983). The Massachusetts court apparently makes a distinction between "voluntary" and "gratuitous" undertakings, basing liability in the case of gratuitous undertakings on gross negligence only. 449 N.E.2d at 336, n. 10. The distinction presents a serious conceptual problem, because one would suppose an undertaking to be voluntary in the absence of a contractual obligation, i.e., without consideration. *Apparently an undertaking is voluntary but not gratuitous if it is "an indispensable part of a bundle of services" for which consideration had been given, even though the undertaking in question has not been specifically contracted for. Id.,* 449 N.E.2d at 336. This resolution is the only way to explain the result in *Mullins,* in which the defendant was held liable for ordinary negligence in an undertaking which was described as "voluntary" but not "gratuitous."

*Pierre v. United States,* 741 F.Supp. 306, 309 (D.Mass.1990) (emphasis added).

It is beyond dispute that MB Valuation did not enter into a contract with MAFCO to oversee the appraisal at issue in this case. MAFCO instead alleges that it reasonably relied on MB Valuation's professional advice and that MB Valuation foresaw this reliance because it had done previous paid appraisal work for MAFCO. The past contractual relations between the parties does not equate to current contractual relations, just as past consideration is not normally the basis for a present contract. *See* Farnsworth on Contracts, 2nd Edition, § 2.7, p. 85 (1998). MAFCO has not persuaded the court that an ongoing appraisal relationship existed between MB Evaluation and MAFCO that would make MB Valuation's gratuitous agreement to review an appraisal "an indispensable part of a bundle of services." *Pierre,* 741 F.Supp. at 309.

MAFCO argues, however, that an exception to the gratuitous undertaking rule exists. It says that this exception applies where the party doing the gratuitous undertaking realizes a business advantage. MAFCO argues that in these circumstances, a showing of ordinary negligence is sufficient. The court has reviewed the cases cited by MAFCO and concludes that the facts in those cases are materially different from the facts present here. *See, e.g., Beaulieu v. Lincoln Rides, Inc.,* 328 Mass. 427, 104 N.E.2d 417 (1952) (amusement park gave free rides to children before certain time); *Foley v. McDonald,* 283 Mass. 96, 185 N.E. 926 (1933) (automobile dealer's attempts to sell automobiles through offering test drives). The first case cited by MAFCO, *Onofrio v. Depart-*

*ment of Mental Health,* 408 Mass. 605, 562 N.E.2d 1341 (1990), is particularly inapposite. In that case, the defendant argued that its placement of a mental patient in plaintiff's boarding house was gratuitous because defendant was not paid for this service by plaintiff. The court rejected this argument because the defendant *had a contract* with the Department of Mental Health and *received compensation* under that contract. These facts have no applicability to this case where it is beyond dispute that MB Valuation *did not act under a contract and did not receive compensation for its alleged services.*

The court rules for MB Valuation on the point that, in general, the line of cases cited by MAFCO "present a situation where the defendant acted for a specific business purpose," and are applicable only where the defendant obtains an "immediate and obvious business benefit." Docket No. 86 at 3. The closest that MAFCO comes to stating a specific business purpose for Creel's alleged offer of help to MAFCO is in the Second Affidavit of Joel Nadel, where Nadel describes a conversation he had with Creel:

> Although unstated, [Creel] clearly implied that by finding someone to do the appraisal in his stead and accommodating MAFCO he hoped to preserve the relationship and continue to get future work from MAFCO.

Docket No. 69, Exhibit 11, ¶ 5.

This allegedly unstated attempt to gain goodwill is simply not sufficient conduct on the part of Creel to bring this matter within the cases MAFCO cites. Instead, the court concludes that even after construing the facts in favor of MAFCO, the court must and does conclude that Creel's actions were gratuitous under Massachusetts law as established in *Wheatley* and further explained in *Pierre.*

MAFCO has alleged only negligence against MB Valuation Services, and has proffered no showing that would support a finding of gross negligence. The court does not require any further oral arguments on this matter.

In the Order below, the court ALLOWS MB Valuation's Motion for Summary Judgment.

## VI. Other Motions

MAFCO's Motion for Brief Delay in Hearing on Motion for Summary Judgment of Sardone Robinson (Docket No. 77) is moot because that motion for summary judgment was denied on May 2, 2002.

Sardone Robinson and MAFCO jointly filed a Stipulation to Extend the Time to Respond to the Complaint (Docket No. 83). This stipulation extended Sardone Robinson's time to respond to MAFCO's complaint until May 17, 2002, and required no action by the court. In the Order below, the Clerk is directed to DISMISS Docket No. 83 from the list of pending motions.

Harter Secrest's Motion to Strike Portions of the Affidavits of Richard Gordon, John Nadel, and Robert Boerman (Docket No. 71) seeks to strike affidavits offered in support of MAFCO's Opposition to Harter Secrest's Motion for Summary Judgment. As explained by the court at the Case Management Conference of May 2, 2002, this Motion was untimely and improper because it was given to opposing counsel right before a hearing on Harter Secrest's Motion for Summary Judgment.

As the court denied Harter Secrest's Motion for Summary Judgment at the May 2nd conference, the Motion to Strike is moot.

## VII. Further Proceedings

The next Case Management Conference is currently scheduled for **September 11, 2002 at 3:00 P.M.** The parties should be prepared to confer about the dates for the final pretrial conference and trial on the remaining counts.

### ORDER

For the foregoing reasons, it is OR-DERED:

(1) MB Valuation Services Inc.'s Motion for Summary Judgment (Docket No. 57) is ALLOWED;

(2) Harter Secrest's Motion to Strike Portions of the Affidavits of Richard Gordon, John Nadel, and ·Robert Boerman (Docket No. 71) is DISMISSED as moot;

(3) MAFCO's Motion for Brief Delay in Hearing on Motion for Summary Judgment of Sardone Robinson (Docket No. 77) is DISMISSED as moot;

(4) The Clerk is directed to remove the Stipulation to Extend the Time to Respond to the Complaint (Docket No. 83) from the list of pending motions in this civil action;

(5) The next Case Management Conference is currently scheduled for **September 11, 2002 at 3:00 P.M.** The parties should be prepared to confer about the dates for a final pretrial conference and trial.