Kathleen **CONDRY**, d/b/a **L & L Cab Company**, et al., Appellants,

v.

Velma **MANTOOTH** et vir, Appellees.

No. 15693.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 27, 1970.

**514**

Campbell, Lilly & Navarro, Earle S. Lilly, Houston, for appellants.

Lawrence J. Madigan, Houston, McClure & Sharpe, Houston, of counsel, for appellees.

PEDEN, Justice.

Personal injury case. Owner of a taxicab company and driver of one of its taxicabs were defendants and they are prosecuting this appeal from a judgment adverse to them and in favor of their passenger, who was injured in an intersection collision. The jury found that the driver of the other vehicle, Mr. Caciotti, was not negligent, and he is not involved in this appeal.

R. W. Bostick, the cab driver, testified by deposition only, and Mrs. Condry was not present during the trial.

The appellants' four points of error complain that the trial court erred in 1) overruling their motion for continuance on February 27, 1970 and on March 2, 1970, 2) holding as a matter of law that Bostick was in the course and scope of his employment with Kathleen Condry, 3) in rendering judgment against Kathleen Condry, doing business as L & L Cab Co. and 4) in advising the jury in the court's charge of the court's determination of the issues concerning appellant Bostick.

We affirm the judgment of the trial court.

Kathleen Condry and R. W. Bostick filed a motion for continuance on February 26, 1970; it was overruled the next day, and the case was ordered tried during the week beginning Monday, March 2, 1970. Their grounds for continuance, as set out in their motion, are only that defendant Kathleen Condry is confined to Memorial Baptist Hospital, suffering from injuries sustained in another automobile collision and will thus be unable to attend the trial; that she desires to be present during the trial and to testify on her behalf and that her absence would be detrimental to her interests in the case. Further, that the continuance is requested in the interest of justice and not for the purpose of unnecessary delay. The motion was verified by the defendant's attorney.

The same motion was presented on March 2, 1970, this time accompanied by a sworn statement of Dr. C. O. Dube, M. D. stating: "Kathryn Long was admitted to Parkway Hospital 2–25–70 for a back strain. She is under my care and length of stay is undetermined at this time. Her condition will not permit her to appear in court this week."

Rule 251, Texas Rules of Civil Procedure, states: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance

be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."

Rule 252 provides:

"If the ground of such application be the want of testimony, the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

■ A motion for continuance sought on the ground of absence of a party to the litigation is addressed largely to the discretion of the trial court. His action will not be disturbed on appeal unless there has been a clear abuse of discretion. Mere absence of a party is not enough to entitle him to a continuance. It must be shown both that the absent party had a reasonable excuse for not being present and that his absence resulted to his prejudice. A reasonable excuse for his absence will not require a reversal where no prejudice is shown. A continuance may properly be denied if the motion therefor fails to show that by the exercise of reasonable diligence the party's testimony could not have been made available by taking his deposition. The testimony of the absent party must be material, and must, we think, be such as would be admissible under the pleadings. Also, the application should show that the testimony may reasonably be expected, either from the witness in person or by his deposition, at the next term of court or within a reasonable time. Erback v. Don-

ald, 170 S.W.2d 289 (Tex.Civ.App.1943, writ ref. w. o. m.). The appellants have made no showing that the absence of Kathleen Condry prejudiced their rights or that her testimony, if any, would have been material. There were other deficiencies. The presiding judge who denied the continuances did not abuse his discretion.

■ Appellants' second point of error, that the trial court erred in holding as a matter of law that R. W. Bostick was in the course and scope of his employment with Kathleen Condry, is also overruled. The trial court's finding was that as a matter of law Bostick at the time and on the occasion in question was acting within the scope of his employment for Kathleen Condry, doing business as L & L Cab Company. The appellants' argument under the point is that there is no evidence to support this holding by the trial court. The evidence concerning this matter was uncontroverted, and it will be shown in our discussion of the appellants' third point of error that the relationship between Kathleen Condry and L & L Cab Company was established by her failure to file a verified denial that she was doing business under that name.

Bostick's testimony, by deposition, was that when the wreck happened he was driving a 1966 Plymouth sedan owned by Mrs. Kathleen Frederick, who is the same as the L & L Cab Company. It was a company-owned car and he was a driver employed by them working on a commission basis. They fixed the time when he was to come to work. He testified about his having picked up Mrs. Mantooth as a passenger just before the accident in question. The meter was running when the collision occurred and she was going to be charged for the trip. He continued to work for L & L Cab Co. for several months after the accident.

Mrs. Mantooth testified that she called the L & L Cab Co. for a cab and the cab involved in the accident arrived and picked her up just before the accident.

No one controverted Bostick's testimony that at the time of the collision he was employed by L & L Cab Co. as a cab driver and was engaged in driving one of its cabs with the appellee as a passenger for a fare. It was thus shown that he was acting within his general authority, in furtherance of his employer's business and for the accomplishment of the object for which he was employed, so the trial court did not err in holding that he was acting in the course and scope of employment with L & L Cab Co. Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057 (1940); McGregor Milling & Grain Co. v. Russo, 243 S.W.2d 852 (Tex. Civ.App.1951, writ ref. n. r. e.).

 Under their third point of error the appellants argue that there is no evidence to establish liability of Kathleen Condry, individually, or doing business as L & L Cab Co., or whether that company is at all connected with Kathleen Condry. No complaint is made as to the trial court's finding that Bostick's liability was established as a matter of law; like the appellants' second point, their third one seeks to show that despite Bostick's liability, Kathleen Condry should not be held liable.

However, Rule 93(o) provides that it is necessary to verify by affidavit (unless the truth of such matter appears of record) a pleading asserting that a party plaintiff or defendant is not doing business under an assumed name or trade name as alleged. In this case the plaintiffs' pleadings alleged that Kathleen Condry was doing business as L & L Cab Co., and since she failed to file a verified denial of this allegation, the matter was not put in issue. Rule 92, Texas R.C.P.

In their last point of error the appellants contend that the trial judge commented to the jury on the weight of the evidence when he instructed the jury in the charge: "The Court, having determined all issues concerning the conduct of defendant R. W. Bostick as a matter of law, submits no issues concerning his conduct to the jury." It is the appellants' position that this instruction suggested that the court had found Bostick negligent as a matter of law and this would affect the jury's answers as to the conduct of the other driver and defendant, Caciotti.

We find no comment on the weight of the evidence in the instruction. It gives the jury no indication as to which way the court ruled concerning Bostick's conduct.

Further, even if it had been error to give the instruction, it was harmless. The appellants' complaint is that the instruction influenced the jury's findings that Caciotti was not negligent. The trial court found Bostick negligent as a matter of law, and the appellants did not seek indemnity or contribution from Caciotti, nor has an appeal been filed as to him, so the instruction could not have adversely affected the appellants.

The judgment of the trial court is affirmed.