Dennis W. RICHARDS, Appellant,

v.

Larry W. SCHION, Appellee.

No. 01–96–00457–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1998.

Hellmut A. Erwing, Houston, for appellant.

T.W. Proctor, Houston, for appellee.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

OCONNOR, Justice.

This is an appeal from a default judgment rendered against Dennis Richards, the appel-

lant and defendant below, in a suit arising out of nonpayment of a debt. We affirm.

## Background

Richards, an attorney, hired Larry Schion, the appellee and plaintiff, to do some work on his house. Schion brought a contract to Richards' house to be signed. Richards was not at home, but his wife and Schion both signed the contract and Mrs. Richards said she would discuss the contract with her husband. Richards never signed the contract. Schion, who believed he had a valid contract with Richards and his wife, began to work on the house with his father-in-law and other employees.

In October 1987, after nearly all the work was completed, Richards fired Schion. After firing him, Richards asked if Schion would come back and finish the job. Schion refused, but asked his father-in-law to finish the work "as a matter of pride in finishing what he started."

The final bill for the work done on Richards' house was $8,440. Richards paid a total of $4,100, and owed $4,340. Richards tried to give Schion a check for $500, on which was written language to the effect that acceptance of the check would constitute full payment of all Richards owed Schion. When Schion refused to accept the check, Richards called the police as Schion tried to collect his tools and leave. Schion filed a mechanic's lien against Richards' house, but released it when he realized the contract was not signed by Richards and so could not be relied upon for a lien against a homestead.

In retaliation, Richards sued Schion, alleging among other things that Schion was a thief and a "peeping tom," and that Schion abused Richards' stepdaughter by using foul language in front of her. At trial, Schion won a directed verdict against Richards.

Schion then filed this lawsuit against Richards for payment on a sworn account, fraud, malicious prosecution, and intentional infliction of emotional harm. On January 3, 1994, after several continuances and ongoing discovery disputes, Schion appeared and announced he was ready for trial on an earlier-filed motion for sanctions. Richards did not appear, and the trial court struck his pleadings and entered an interlocutory default judgment against him. At a final hearing on damages, Richards again did not appear, but his attorney asked for a continuance. The trial court denied the continuance, held the hearing on damages, and signed a final judgment.

The trial court awarded Schion $4,340 plus $4,968.27 interest for the debt owed, $10,000 plus $21,670.80 interest for fraud, $84,401.08 plus $96,384.94 interest for intentional infliction of harm and malicious prosecution, and 40 percent attorney's fees, for a total of $397,189.40. The trial court reduced the judgment to $165,000.

Richards moved for a new trial, claiming there was no or insufficient evidence to support several of the trial court's findings and that the judgment was excessive. Richards did not attack the trial court's sanctions. The trial court denied Richards' motion.

## Motion for Continuance

In point of error one, Richards argues the trial court abused its discretion in denying the motion for continuance he made at the damages hearing. We disagree.

We will not disturb a trial court's ruling on a motion for continuance unless the record discloses a clear abuse of discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex.1988); *Hatteberg v. Hatteberg*, 933 S.W.2d 522, 526 (Tex.App.—Houston [1st Dist.] 1994, no writ). A trial court is not required to grant a continuance simply because a party is unable to be present at trial. *Condry v. Mantooth*, 460 S.W.2d 513, 515 (Tex.Civ.App.—Houston [1st Dist.] 1970, no writ). To complain on appeal, an absent party must show (1) he had a reasonable excuse for his absence and (2) he was prejudiced by the trial's proceeding without him. *Id.* The testimony of the absent party must be material. *Id.*

Richards produced a doctor's affidavit, stating he was hospitalized for injuries from a car accident, and showing a reasonable excuse for being absent from the hearing. His motion for continuance stated he would give vital testimony at the trial. He

did not explain the substance of his testimony.

Rule 252 of the Texas Rules of Civil Procedure provides:

> If the ground [for a continuance] ... be for the absence of a witness, [the movant] shall state ... what he expects to prove by him....

The hearing for which Richards was absent was held solely to produce evidence on the issue of Schion's damages. Richards' pleadings had already been struck and judgment entered against him on all Schion's causes of action. Richards' attorney cross-examined Schion and Schion's attorney.

Richards did not show (1) what testimony he would have presented, (2) that his testimony was material, or (3) that he was prejudiced when the trial court proceeding without him. *Id.*

We overrule point of error one.

### Sufficiency of the Evidence

On appeal, Richards attacks the factual and legal sufficiency of the evidence supporting the trial court's findings of fraud, intentional infliction of emotional distress, and malicious prosecution.[1]

The clerk's record does not contain Richards' request for a reporter's record. The only reporter's record before this Court is for the hearing on damages held November 9, 1995. We do not have a reporter's record from the January 3, 1994 hearing at which Richards' pleadings were struck and interlocutory default judgment was entered.

■ When attacking the sufficiency of the evidence, the appellant must present a complete record of the evidence received at trial. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex.1990). As an alternative to producing a complete reporter's record, an appellant may limit the appeal by complying with rule 34.6(c) of the Texas Rules of Appellate Procedure.[2] *Id.* Rule 34.6(c)(1) requires an appellant who intends to appeal with a partial reporter's record to include in its request a statement of the points or issues to be presented on appeal. When an appellant appeals with a partial reporter's record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court's findings. *Id* ; *cf.* Tex.R.App. P. 34.6(c)(4) (if the appellant includes the statement of points with its request for the record, "[t]he appellate court must presume that the partial reporter's record ... constitutes the entire record for purposes of reviewing the stated points....").[3]

■ Because Richards appealed with a partial record but did not designate his points for the appeal, we must presume the omitted parts of the record are relevant to the disposition of this appeal. On this record, we cannot say the evidence was insufficient to support the trial court's findings of fraud, intentional infliction of emotional harm, or malicious prosecution.

We overrule points of error two, three, four, five, six, and seven.

We affirm the trial court's judgment.

---

1. Richards does not attack the trial court's finding that he owed Schion $4,340 plus interest for the unpaid debt or claim the trial court erred in imposing sanctions, striking his pleadings, and entering default judgment.

2. Formerly Tex.R.App. P. 53(d), amended effective September 1, 1997.

3. Similarly, former rule 53(d) stated that if the statement of points was included with the request for the record, "there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal."