NO. 12-03-00399-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
PATRICIA DANIELS,                                       §                 APPEAL FROM THE 241ST
APPELLANT

 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

UNIVERSITY OF TEXAS HEALTH
SCIENCE CENTER AT TYLER,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            In two issues, Appellant Patricia Daniels argues that a jury erred by failing to award her
damages for pain, suffering, and disfigurement when it awarded her $12,000.00 in damages for past
medical expenses against Appellee University of Texas Health Science Center at Tyler (“UTHSC”). 
We affirm.
 
Background
            On January 10, 2002, Daniels sued UTHSC for personal injury damages, alleging that she
was injured after an employee of UTHSC pushed a large metal cart into her. At the conclusion of
the trial, the jury awarded Daniels $12,000.00 in past medical expenses but awarded her nothing for
her pain and suffering, mental anguish, and physical impairment claims. 
            Daniels filed her notice of appeal on October 13, 2003. However, Daniels did not request
the reporter’s record that contained “objective medical evidence of pain and suffering” because “it
is expensive and consists largely of liability testimony and subjective assessments of injuries.” On
July 7, 2004, Daniels requested that the court reporter submit only a “certified exhibit list”
identifying which exhibits were admitted at trial. The request also stated that Daniels did not need
the entire transcript of the trial. Daniels’s request to the court reporter, however, did not include a
statement of the issues to be presented on appeal, thereby limiting her appeal to those issues. See
Tex. R. App. P. 34.6(c)(1). 
            Daniels filed her brief on July 8. Along with her brief, Daniels filed a motion for leave to
supplement the reporter’s record. This motion was overruled on July 14, and a motion for
reconsideration of the July 14 order was overruled on August 11. See Daniels v. Univ. of Tex.
Health Science Ctr. at Tyler, No. 12-03-00399-CV, 2004 WL 1795348, at *4 (Tex. App.–Tyler
2004) (order). Despite our July 14 order overruling Daniels’s motion for leave to supplement the
reporter’s record, the court reporter filed a partial reporter’s record on August 24. This record
consisted solely of Daniels’s testimony at trial, and no exhibits that were admitted at trial were filed
along with the partial record. No statement of the issues to be presented on appeal was filed either
before or after the court reporter filed the partial record.
            On October 15, Daniels filed a motion for leave to supplement the clerk’s record with an
inventory of exhibits kept by the court reporter and admitted at trial. See Tex. R. App. P. 34.5(c). 
Portions of those exhibits listed on the inventory were Daniels’s medical records that were filed prior
to trial as business records and were part of the clerk’s record. This document, however, was not
filed in the district clerk’s office prior to or during trial and was therefore not part of the clerk’s
record. See Tex. R. App. P. 34.5(a)(13). Daniels’s motion to supplement the clerk’s record was
overruled on October 27. Accordingly, the partial reporter’s record did not meet the requirements
of Rule 34.6(c)(1), and no complete reporter’s record was requested or filed in this case. 
            On appeal, Daniels contends that 1) as a matter of Texas law, a jury is required to award
damages for pain, suffering, and disfigurement after awarding damages for past medical care
expenses and 2) the jury’s award of zero damages for pain, suffering, and disfigurement was against
the great weight and preponderance of the evidence.
 
Analysis
            The mere fact of injury does not prove compensable pain and suffering, nor does it
demonstrate the plaintiff suffered either mental anguish or impairment. See Dollison v. Hayes, 79
S.W.3d 246, 250 (Tex. App.–Texarkana 2002, no pet.) (“To the extent the cases to which Dollison
refers purport to state that it is error to award damages for medical expenses without simultaneously
awarding damages for pain and suffering, we disagree.”). Pain and suffering and mental anguish 
are separate elements of damage for which the plaintiff bears the burden not only of production, but
also of persuasion. Id. at 250-51. Accordingly, Daniels was not entitled to damages for pain and
suffering merely because she was awarded damages for past medical care. Daniels’s first issue is
overruled.
            With regard to her factual sufficiency challenge, we first note that when an appellant files a
partial reporter’s record, but fails to submit a statement of the points or issues to be presented on
appeal, we presume that the missing portions of the record contain relevant evidence and that the
omitted evidence supports the trial court’s judgment. See Bennett v. Cochran, 96 S.W.3d 227, 229
(Tex. 2002); Richards v. Schion, 969 S.W.2d 131, 133 (Tex. App.–Houston [1st Dist.] 1998, no
pet.) (holding that ("[w]hen an appellant appeals with a partial reporter's record but does not provide
the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions
support the trial court's findings."). Therefore, without a statement of issues to be presented on
appeal with only a partial reporter’s record, we presume that the omitted portions of the record
support the trial court’s judgment. Daniels’s second issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
Opinion delivered July 13, 2005.
Panel consisted of Worthen, C.J., and Griffith, J.
DeVasto, J., not participating

(PUBLISH)