NO. 07-11-0132-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 29, 2011

_____

JESUS CAVAZOS, APPELLANT

V.

PAY AND SAVE, INC. D/B/A LOWE'S MARKETPLACE, APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-550,659; HONORABLE WILLIAM C. SOWDER, JUDGE PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**DISSENTING OPINION**

I respectfully dissent. While I do agree that the partial reporter's record obligates us to presume that the record supports the trial court's judgment, *Richards v. Schion,* 969 S.W.2d 131, 133 (Tex.App.--Houston [1st Dist.] 1998, no pet.) (holding that "[w]hen an appellant appeals with a partial reporter's record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court's findings"), I would not interpret the Texas Supreme Court's decision in *Haygood v. De Escabedo,* No. 09-0377, 2011 Tex. LEXIS 514 (Tex. July 1,

2011), as obligating us to presume that a plaintiff must first prove to a jury the amount of medical or health care expenses actually paid or incurred in order to arrive at a verdict. Under the facts of this case, we must conclude that the trial court, after applying § 41.015 of the Civil Practice and Remedies Code,[1] found that the evidence supported a recovery of damages totaling $3,647.75. In a comparative negligence case, because a court is required to reduce the amount of recoverable damages by a percentage equal to the claimant's percentage of responsibility, and because the jury found Cavazos to be 49% responsible for his own damages, the trial court should have entered a judgment awarding Cavazos damages of $1,860.35. Tex. Civ. Prac. & Rem. Code Ann. § 33.012 (West 2008). Furthermore, a recalculation of damages requires that the trial court recalculate prejudgment interest.

## Conclusion

Accordingly, I would reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

---

[1]Tex. Civ. Prac. & Rem. Code Ann. § 41.015 (West 2008). The *Final Judgment* entered in this case specifically recites that the trial court applied § 41.015.