PATRICK A. PIRTLE, Justice,
dissenting.
I respectfully dissent. While I do agree that the partial reporter’s record obligates us to presume that the record supports the trial court’s judgment, Richards v. Schion, 969 S.W.2d 131, 133 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (holding that “[w]hen an appellant appeals with a partial reporter’s record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court’s findings”), I would not interpret the Texas Supreme Court’s decision in Haygood v. De Escabedo, 356 S.W.3d 390 (Tex.2011), as obligating us to presume that a plaintiff must first prove to a jury the amount of medical or health care expenses actually paid or incurred in order to arrive at a verdict. Under the facts of this case, we must conclude that the trial court, after applying § 41.015 of the Civil Practice and
*89 Remedies Code,[1] found that the evidence supported a recovery of damages totaling $8,647.75. In a comparative negligence case, because a court is required to reduce the amount of recoverable damages by a percentage equal to the claimant’s percentage of responsibility, and because the jury found Cavazos to be 49% responsible for his own damages, the trial court should have entered a judgment awarding Cava-zos damages of $1,860.85. Tex. Civ. Prac. & Rem.Code Ann. § 33.012 (West 2008). Furthermore, a recalculation of damages requires that the trial court recalculate prejudgment interest.
Conclusion
Accordingly, I would reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

. Tex. Civ. Prac. & Rem.Code Ann. § 41.015 (West 2008). The Final Judgment entered in this case specifically recites that the trial court applied § 41.015.