**Opinion issued August 2, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-17-00432-CV**

————————————

**SPORTSCAPERS CONSTRUCTION, INC. AND RODERICK THOMPSON,**
**Appellants**

**V.**

**EVELYN M. MITCHELL AND DOUGLAS BROWN,**
**Appellees**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 15-DCV-228076**

---

**MEMORANDUM OPINION**

Appellants, Sportscapers Construction, Inc. and Roderick Thompson

(collectively, "Sportscapers"), challenge the trial court's judgment notwithstanding

the verdict ("JNOV") in favor of appellees, Evelyn M. Mitchell and Douglas Brown,

on Mitchell and Brown's breach-of-contract claim against Sportscapers. In its sole issue, Sportscapers contends that the trial court erred in rendering a JNOV because it "applied [an] incorrect standard of review."

We affirm.

## Background

Mitchell and Brown hired Sportscapers to construct a tennis court at their residential property. Pursuant to the contract, the parties agreed that Mitchell and Brown would pay Sportscapers $85,000 for the project, in the form of a deposit of $42,500 before work began, $34,000 upon completion of the concrete work, and $8,500 after substantial completion of the project. The contract provided, in pertinent part:

> Termination by Owner [Mitchell and Brown]. In the event the Owner terminates the Agreement, the Owner shall be legally responsible to pay Sportscapers for the charges up to and including the date of such termination, regardless of whether the Owner has received an invoice for such charges prior to termination.

Shortly after they paid the deposit and construction commenced, Mitchell and Brown terminated the contract, alleging that Sportscapers had damaged a driveway, had severed a utility line, and had failed to properly prepare and maintain the worksite, position the tennis court, and secure the necessary approvals from the homeowners' association ("HOA"). Mitchell and Brown demanded a full refund of their deposit. Sportscapers asserted that it was entitled to retain, as its expenses, the

2

sum of $15,474, itemized as: $2,738 for supplies purchased for mobilization; $2,576 for supplies purchased for the tennis court prior to the concrete pour; $3,560 for labor, equipment, and fuel for placement of loads of fill dirt; $4,500 for administrative, supervisory, and "general costs"; and $2,100 for a rendering that Mitchell and Brown had requested for submission to their HOA.

After rejecting Sportscapers's stated expenses as excessive, Mitchell and Brown sued Sportscapers, alleging that it had breached the contract by failing to complete the tennis court according to the agreed upon terms and specifications and by failing to refund their $42,500 deposit.

Sportscapers filed a breach-of-contract counterclaim, alleging that, once retained, it had set about mobilization, procurement of supplies, and initial site preparation. Early in the work, however, Mitchell and Brown had "raised artificial and hyper-sensitive complaints about the means and methods utilized by Sportscapers" and insisted upon "extra-contractual performance," such as demanding multiple meetings, assurances, and assistance with HOA approvals. After three weeks of work, Mitchell and Brown terminated the contract "without justification," leaving Sportscapers with unused materials. Sportscapers also sought its lost profits.

After trial,[1] the jury found that neither party had breached the contract. Mitchell and Brown then moved for JNOV, arguing that the evidence conclusively established that Sportscapers had breached the contract. Specifically, it was undisputed that the parties had a valid contract, pursuant to which Mitchell and Brown were required to pay Sportscapers only "for the charges up to and including the date of . . . termination." Although Sportscapers had demanded only $15,474 for such charges and presented no evidence to support retaining the remaining portion of Mitchell and Brown's $42,500 deposit, it was undisputed that Sportscapers had not refunded any portion of the undisputed funds. Mitchell and Brown asked the trial court to award Sportscapers "all of [its] claimed expenses" and to award them the remainder of their deposit.

The trial court granted Mitchell and Brown's motion for JNOV, finding that the jury's verdict was "against the great and overwhelming weight and preponderance of the evidence," and awarding Mitchell and Brown damages of $25,000, "representing the sums actually paid to [Sportscapers] . . . less the sums charged by [Sportscapers] for the services it rendered prior to the lawful termination of its services."

---

[1] The partial reporter's record filed in the appeal does not include the trial testimony.

4

# JNOV

In its sole issue, Sportscapers argues that the trial court erred in rendering a JNOV because it "applied [an] incorrect standard of review" and its judgment "does not set forth the correct standards." Sportscapers argues that the trial court's judgment is "facially invalid and voidable" because it "expressly recites" that it is based on the jury's verdict being "against the great and overwhelming weight and preponderance of the evidence." Sportscapers asserts that, because the trial court incorrectly applied a factual sufficiency standard, rather than a "no-evidence" standard, its judgment should be "corrected, amended, modified, or vacated."

## *Standard of Review*

In determining whether a trial court erred in rendering a JNOV, we view the evidence in the light most favorable to the verdict under the well-settled standards that govern legal sufficiency review. *See Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005) ("[T]he test for legal sufficiency should be the same for summary judgments, directed verdicts, judgments notwithstanding the verdict, and appellate no-evidence review."). We will uphold a trial court's JNOV based on "no evidence" if the record shows one of the following: (1) a complete absence of evidence of a vital fact; (2) that the trial court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) that the evidence offered

to prove a vital fact is not more than a scintilla; or (4) that the evidence conclusively establishes the opposite of a vital fact. *City of Keller*, 168 S.W.3d at 810. More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). If more than a scintilla of evidence supports the jury's finding, "the jury's verdict, and not the trial court's judgment, must be upheld." *Wal–Mart Stores, Inc.*, 102 S.W.3d at 709.

### Recited Standard

Here, the trial court, in its judgment granting Mitchell and Brown's motion for JNOV, held that the jury's answers, that neither Sportscapers nor Mitchell and Brown breached the contract, were "against the great weight and preponderance of the evidence and failed to resolve the parties' issues."

"Whether a finding is against the great weight and preponderance of the evidence is a factual sufficiency question. . . ." *In re United Servs. Auto. Ass'n*, 446 S.W.3d 162, 172 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). Again, we review the grant of a motion for JNOV under a legal-sufficiency standard. *Smitherman v. Comm'n for Lawyer Discipline*, 463 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Even if a trial court's assigned rationale for granting a motion for JNOV is erroneous, however, we will uphold the trial court's judgment if it is supported under any correct legal theory asserted in the motion for

JNOV. *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 789 (Tex. 2008) (holding that, even if trial court, in disregarding jury answer and granting JNOV, erred in not applying no-evidence standard, movant correctly asserted no-evidence standard in its motion for JNOV, and "no-evidence" standard applied on review); *Taco Cabana, Inc. v. Exxon Corp.*, 5 S.W.3d 773, 777 (Tex. App.—San Antonio 1999, pet. denied) ("Affirmance of the trial court's judgment is proper if it is supported by any ground asserted in the motion for [JNOV], even if the trial court's assigned rationale for granting the motion is erroneous."); *see also Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (holding that trial court's judgment must be upheld on any correct legal theory before it, even if court stated incorrect reason for judgment).

Here, Mitchell and Brown argued in their motion for JNOV that no evidence supported the jury's negative finding as to Sportscapers's breach of the contract because the evidence conclusively established that Sportscapers failed or refused to refund the undisputed portion of their deposit. *See City of Keller*, 168 S.W.3d at 810 (holding that trial court's JNOV based on no-evidence is upheld if record shows that "the evidence establishes conclusively the opposite of the vital fact"). Thus, notwithstanding the recitations in the trial court's judgment, we apply a no-evidence standard of review. *See Ulico Cas. Co.*, 262 S.W.3d at 789.

*No-Evidence Review*

To the extent Sportscapers challenges the trial court's actual application of the standard, as opposed to its mere recitation in the judgment, we note that an appellant bears the burden of bringing forward a sufficient record to show that the trial court erred. *See Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When an appellant requests a partial reporter's record, it must include with that request "a statement of the points or issues to be presented on appeal and [the appellant] will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). "The appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." *Id*. 34.6(c)(4). This presumption applies even if the statement includes a point or issue complaining of the legal or factual insufficiency of the evidence to support a specific factual finding identified in that point or issue. *Id.* Thus, if an appellant provides a partial reporter's record without including the required statement of points or issues, we must presume that the omitted portions of the reporter's record support the trial court's findings. *Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002); *Smitherman v. Comm'n for Lawyer Discipline*, 463 S.W.3d 97, 107 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

Here, Mitchell and Brown, in order to prevail on their breach-of-contract claim were required to establish (1) the existence of a valid contract, (2) their performance or tendered performance, (3) breach by Sportscapers, and (4) resulting damages. *See N.&W. Ins. Co. v. Sentinel Inv. Grp., LLC*, 419 S.W.3d 534, 539 (Tex. App.—Houston [1st Dist.] 2013, no pet.). The existence of a valid contract and Mitchell and Brown's payment of the deposit is undisputed. The jury found that Sportscapers did not breach the contract and did not reach the issue of damages. The trial court disregarded the jury's answer and awarded Mitchell and Brown $25,000 in damages against Sportscapers.

The reporter's record before us consists only of closing arguments, the jury's verdict, and exhibits, which include the parties' contract, correspondence, and photographs. The contract contains a "termination option," providing, in pertinent partt: "In the event the Owner terminates the Agreement, the Owner shall be legally responsible to pay Sportscapers for the charges up to and including the date of such termination." The parties' correspondence in evidence shows that Mitchell and Brown notified Sportscapers that they wished to terminate the contract, that Sportscapers "accept[ed]" that Mitchell and Brown had "elect[ed] to exercise that option," and that Sportscapers stated that it would "refund the monies that [were] due [Mitchell and Brown] minus [its] expenses." It is undisputed that Mitchell and Brown, upon execution of the contract, paid to Sportscapers a deposit in the amount

9

of $42,500 and that Sportscapers, upon termination of the contract, demanded from Mitchell and Brown the amount of $15,474 for its "charges." It is undisputed that Sportscapers did not pay Mitchell and Brown any portion of the undisputed funds, i.e., the remaining $27,026.

The record does not contain a statement of the points or issues to be presented on appeal. *See* TEX. R. APP. P. 34.6(c)(1). Thus, we must presume that the omitted portions of the reporter's record support the trial court's judgment. *See id.* 34.6(c)(4); *Bennett*, 96 S.W.3d at 229; *Smitherman*, 463 S.W.3d at 106–07 (applying presumption that omitted portions of partial record filed supported that trial court did not err in applying JNOV standard); *Mbonu v. Office of Attorney Gen.*, No. 01–07–00659–CV, 2008 WL 2186504, at *4 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem.op.). We hold that Sportscapers has not shown that the trial court erred in granting a JNOV in favor of Mitchell and Brown.

We overrule Sportscapers's sole issue.[2]

---

[2] Having overruled Sportscapers's sole issue, we do not reach Mitchell and Brown's cross-points. *See* TEX. R. APP. P. 38.2(b) ("When the trial court renders [JNOV] on one or more questions, the appellee must bring forward by cross-point any issue or point that would have vitiated the verdict or that would have prevented an affirmance of the judgment if the trial court had rendered judgment on the verdict. Failure to bring forward by cross-point an issue or point that would vitiate the verdict or prevent an affirmance of the judgment waives that complaint. . . ."); TEX. R. CIV. P. 324(c) (same); *see also Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, 545 S.W.3d 532, 539–40 (Tex. 2018) ("If an appellate court agrees . . . that the trial court below erroneously set aside the jury's findings and entered its own judgment, the rules have preemptively burdened the appellee to argue any alternative ground that would prevent the appellate court from restoring the jury's answers.").

**Conclusion**

We affirm the judgment of the trial court.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

11