**Opinion issued February 27, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00316-CV

_____

## IN THE ESTATE OF DARLENE A. EMANUEL, DECEASED

On Appeal from the Probate Court No. 3
Harris County, Texas
Trial Court Case No. 495576

## MEMORANDUM OPINION

This case arises out of a will-contest proceeding in connection with the Estate of Darlene A. Emanuel, Deceased. Niccole Hill challenges the trial court's final judgment that awards attorney's fees in favor of LaQuita Emanuel, as Independent Executor of the Estate of Darlene Emanuel. In three issues, Niccole contends the

trial court erred in awarding attorney's fees to LaQuita under Texas Estate Code sections 352.051 and 352.052(a).

We affirm.

## Background

LaQuita, one of Darlene's daughters, filed an application to probate Darlene's will and for letters testamentary. The trial court admitted the will to probate and appointed LaQuita as independent executor. Niccole, also one of Darlene's daughters, filed a will contest on the grounds of lack of testamentary capacity, undue influence, and improper execution.

The matter went to trial on December 15, 2022. At the beginning of trial, LaQuita's counsel stipulated on the record that the will admitted to probate was not signed with the requisite formalities and, therefore, was not a valid will. The trial court held a two-day bench trial solely on LaQuita's request for attorney's fees. At the conclusion of the first day, Niccole's counsel stated that he did not anticipate that they would finish that day as he planned to call some additional witnesses. The trial court recessed for the day and continued the trial until February 13, 2023, during which "several witnesses testified."

The trial court signed a final judgment setting aside the order admitting Darlene's will to probate and appointing LaQuita as independent executor. The trial

court also found that, pursuant to Texas Estates Code sections 352.052(a)[1] and 352.051,[2] LaQuita incurred "reasonable and necessary attorney fees in the amount of $27,791.55 in good faith & with just cause" and that these fees "shall be paid from the assets of the Estate."

---

[1]    Section 352.052(a) provides:

> A person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, who, for the purpose of having the will or alleged will admitted to probate, defends the will or alleged will or prosecutes any proceeding in good faith and with just cause, whether or not successful, shall be allowed out of the estate the executor's or administrator's necessary expenses and disbursements in those proceedings, including reasonable attorney's fees.

TEX. EST. CODE § 352.052(a).

[2]    Section 352.051 provides:

> On proof satisfactory to the court, a personal representative of an estate is entitled to:
>
> (1)    necessary and reasonable expenses incurred by the representative in:
>
> (A) preserving, safekeeping, and managing the estate;
>
> (B) collecting or attempting to collect claims or debts; and
>
> (C) recovering or attempting to recover property to which the estate has a title or claim; and
>
> (2)    reasonable attorney's fees necessarily incurred in connection with the proceedings and management of the estate.

*Id.* § 352.051.

Niccole filed a motion to modify the final judgment to award no fees, which the trial court denied. This appeal ensued.

## Incomplete Reporter's Record

Niccole raises three issues. First, she contends the trial court erred in awarding LaQuita attorney's fees under Estate Code section 352.052(a) because LaQuita did not act in good faith. Second, and relatedly, Niccole contends that even if some evidence supported good faith at the outset of the case, the trial court erred in not segregating the attorney's fees awarded to exclude any attorney's fees incurred after LaQuita discovered the will was invalid. And third, Niccole claims the trial court erred in awarding LaQuita attorney's fees under section 352.051 because, at the time of the award, LaQuita was not the executor, administrator, or personal representative.

At the outset, we note that Niccole's brief contains substantial deficiencies. The most significant deficiency is the complete absence of an argument section. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). The only purported argument is contained in the "summary of argument" section and consists of a short non-substantive paragraph for each of the three identified issues with no citations to any authority.

4

Even liberally construing this summary section in an attempt to fairly ascertain Niccole's arguments,[3] we must affirm because Niccole fails to bring forth a sufficient record to show any error by the trial court. As noted above, the bench trial spanned two days—December 15, 2022 and February 13, 2023. It is clear from the record that the trial court heard additional testimony relevant to the attorney's fees and good faith issues on the second day of trial,[4] but the only reporter's record provided on appeal is for the first day of trial on December 15. We do not have a reporter's record from the second day of trial, February 13.

---

[3] "We generally hesitate to turn away claims based on waiver or failure to preserve the issue [, and] we . . . construe briefing reasonably, yet liberally, so that the right to appellate review is not lost by waiver." *Weekley Homes, LLC, v. Paniagua*, 646 S.W.3d 821, 826–27 (Tex. 2022) (internal citations omitted). Accordingly, a party's briefing "is sufficient if it directs the attention of the appellate court to the error about which [the] complaint is made." *Id.*

[4] For instance, in a motion to recuse filed after the trial court signed the final judgment, Niccole argued:

> The case was recessed until February 13, 2023. LAQUITA EMANUEL failed to appear for trial and therefore was not available for further questioning. . . . The trial proceeded in the absence of LAQUITA EMANUEL. There was testimonial evidence from several witness[es] regarding the lack of mental capacity of the Decedent and the exercise of undue influence exerted by LAQUITA EMANUEL. This testimony was largely uncontested. There was also significant evidence presented regarding LAQUITA EMANUEL's role in the preparation and execution of the will, numerous bad acts and criminal charges for theft which was not contested. The substance of which goes to the issue of [g]ood faith and with just cause pursuant to Texas Estate[s] Code sec. 352.052(a).

5

As a general rule, an appellant bears the burden of bringing forward a sufficient record to show a trial court's error and must present a complete record of the evidence received at trial. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.— Houston [1st Dist.] 2007, no pet.).

As an alternative, Texas Rule of Appellate Procedure 34.6(c) allows an appellant to request a partial reporter's record. TEX. R. APP. P. 34.6(c). Under that rule, a party who properly designates some of the reporter's record may appeal without a complete record, and the appellate court must presume that the incomplete record is complete for purposes of the appeal. *Id.* 34.6(c)(4). But to be entitled to that presumption, the appellant must include "a statement of the points or issues to be presented on appeal and [the appellant] will then be limited to those points or issues." *Id.* 34.6(c)(1).

If the appellant provides a partial reporter's record without the required list of issues, we must presume that the omitted portions of the reporter's record support the trial court's findings—and thus affirm. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (noting that had appellant completely failed to submit his statement of points or issues, Rule 34.6 would require appellate court to affirm trial court's judgment); *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

Here, the clerk's record does not contain Niccole's request for a reporter's record. *See* TEX. R. APP. P. 34.6(b)(2) (requiring appellant to file request for reporter's record with trial court clerk). Nor does it contain a statement of points or issues to be presented on appeal. Because Niccole appealed with a partial record but did not designate her points for appeal, she did not comply with Rule 34.6(c).

As a result, we must presume that the omitted parts of the record are relevant to the disposition of this appeal and support the trial court's judgment. *See Bennett*, 96 S.W.3d at 229; *Richards*, 969 S.W.2d at 133. Based on that presumption, we cannot conclude that the trial court erred in awarding attorney's fees to LaQuita to be paid out of the estate.

We therefore overrule Niccole's three issues.

## Conclusion

We affirm the trial court's judgment in all things.

Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Landau and Rivas-Molloy.