

In The

## Court of Appeals
### Seventh District of Texas at Amarillo

_____

No. 07-24-00143-CV
_____

KASSANDRA MCQUILLEN, APPELLANT

V.

MOUNIR Y. BORNO, M.D., LUBBOCK HEART HOSPITAL, LLC D/B/A LUBBOCK
HEART & SURGICAL HOSPITAL, TEXAS PHYSICIANS GROUP, P.A., APPELLEES

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2020-539,776, Honorable Les Hatch, Presiding

August 13, 2024

MEMORANDUM OPINION

Before DOSS and PIRTLE[1] and ROSE,[2] JJ.

Appellant Kassandra McQuillen sued Appellees Mounir Y. Borno, M.D.; Lubbock

Heart Hospital LLC d/b/a Lubbock Heart & Surgical Hospital; and Texas Physicians

Group, P.A., alleging a health care liability claim.[3]  McQuillen, a licensed Texas attorney,

_____

[1] Patrick A. Pirtle, Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] Jeff Rose, Chief Justice (Ret.), Third Court of Appeals, sitting by assignment.

[3] A "health care liability claim" is a cause of action against a health care provider or physician for treatment, lack of treatment, or departure from accepted medical standards, resulting in injury or death,

represented herself in the trial court and on appeal. We previously reversed the trial court's order dismissing Lubbock Heart Hospital based on the adequacy of McQuillen's expert report and remanded the case for further proceedings.[4]

A jury trial took place from December 4–8, 2023. The trial court granted the defendants' motions for directed verdict on McQuillen's claims of informed consent, gross negligence, fraud, alter ego, and respondeat superior but denied their motion on a claim of agency. The jury then found in favor of the defendants, and the trial court rendered judgment that McQuillen take nothing by her claims. We overrule each of McQuillen's appellate issues and affirm the judgment of the trial court.

## Background

McQuillen's complaints stem from the implantation of a cardiac pacemaker. The limited evidentiary record prevents a detailed narrative of background facts. However, given the issues raised by McQuillen, such a detailed presentation is unnecessary.

## Analysis

McQuillen bases her appeal on a partial reporter's record, which includes testimonial excerpts from only one witness during the multi-day trial and no documentary or tangible evidence. Rule of Appellate Procedure 34.6(c) allows an appellant to request

---

whether the claim sounds in tort or contract. TEX. CIV. PRAC. & REM. CODE Ann. § 74.001(a)(13). Three elements define the claim: (1) a physician or health care provider is the defendant; (2) the claim concerns treatment, lack of treatment, or a departure from accepted medical standards; and (3) the defendant's act or omission proximately caused the injury. *Tex. W. Oaks Hosp., LP v. Williams,* 371 S.W.3d 171, 179–80 (Tex. 2012). A health care liability claim is governed by the Texas Medical Liability Act in chapter 74 of the Texas Civil Practice and Remedies Code. *Boske v. Rougeau,* No. 07-20-00285-CV, 2021 Tex. App. LEXIS 5694, at *11–12 (Tex. App.—Amarillo July 15, 2021, pet. denied) (mem. op.).

[4] *McQuillen v. Lubbock Heart Hosp., LLC,* 646 S.W.3d 336 (Tex. App.—Amarillo 2022, pet. denied).

a partial reporter's record but requires the appellant to include a statement of the points or issues to be presented on appeal and limits the appeal to those points or issues. TEX. R. APP. P. 34.6(c)(1). Should the appellant provide a partial reporter's record without the required list of points or issues, the appellate court presumes that omitted portions support the trial court's findings and must affirm. *In re Est. of Emanuel,* No. 01-23-00316-CV, 2024 Tex. App. LEXIS 1428, at *5–6 (Tex. App.—Houston [1st Dist.] Feb. 27, 2024, no pet.) (mem. op.). *See Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) (explaining "[t]here is no question that, had [appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.") (citing *Richards v. Schion,* 969 S.W.2d 131, 133 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("When an appellant appeals with a partial reporter's record but does not provide the list of points as required by rule 34.6(c)(1), it creates the presumption that the omitted portions support the trial court's findings.")). The clerk's record includes McQuillen's notice of appeal but lacks a request for a partial reporter's record or a statement of McQuillen's points or issues. McQuillen's decision to proceed with a limited, partial reporter's record therefore severely impairs her appellate presentation.

McQuillen presents five issues for review, each challenging the directed verdict against her claims of gross negligence, informed consent, and fraud. We review a trial court's directed verdict de novo. *City of Baytown v. Schrock,* 645 S.W.3d 174, 178 (Tex. 2022). "A trial court properly grants a directed verdict when no evidence supports a vital fact or the evidence fails to state a claim as a matter of law." *Id.* at 178. We consider the evidence in a light most favorable to the party suffering an adverse judgment, crediting

all reasonable inferences, and disregarding contrary evidence and inferences. In reviewing a directed verdict, we determine whether there is any evidence of probative value to raise a material fact issue, and we review the evidence in the light most favorable to the person suffering the adverse judgment. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 220 (Tex. 2011).

Gross Negligence

In her first issue, McQuillen argues that the trial court erred by granting the defendants' motion for a directed verdict on her claim of gross negligence. However, the limited record makes it impossible to conduct a proper review for this claimed error. Moreover, such a review would be futile because the jury did not find Appellees to be negligent, which is a prerequisite for gross negligence. *See Hall v. Stephenson,* 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied) ("A plaintiff who cannot support a negligence cause of action cannot succeed on gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence.").

McQuillen does not challenge the absence of a negligence finding on appeal. Accordingly, McQuillen cannot succeed on her claim for gross negligence. McQuillen's first issue is overruled.

Informed Consent

In her second issue, McQuillen argues that the trial court erred by granting a directed verdict on an informed consent claim, a cause of action she did not allege. Despite McQuillen's limitations of the record, there is no indication that the ruling led to an improper judgment or prevented McQuillen from properly presenting her case on

4

appeal.  *See* TEX. R. APP. P. 44.1(a).  McQuillen has not demonstrated any harm from the ruling.  Therefore, her second issue is overruled.

Fraud

McQuillen's remaining issues concern her complaint that the trial court erred by granting the defendants' motion for a directed verdict on her fraud claim.  In her petition, McQuillen alleged "fraudulent nondisclosure" and "fraudulent misrepresentation."  She claimed that Dr. Borno falsely represented her need for a pacemaker, and concealed the fact that she did not need it to protect himself.  Additionally, she alleged that Dr. Borno continued her medical care to protect himself and to require her to undergo unnecessary treatment.  However, the alleged concealment was directly related to the doctor's allegedly substandard course of medical treatment, constituting a health care liability claim.  *See Christus Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 536 (Tex. 2016) (holding that plaintiff's fraud claim, based on the theory that the hospital sought to conceal malpractice, constituted a health care liability claim because it was directly related to acts or treatments alleged to have been improperly performed or furnished, or that should have been performed or furnished, during the patient's treatment and confinement.).

Even if McQuillen possessed an independent fraud[5] claim under the alleged facts, a conclusion we do not reach, she would not have succeeded at trial.  In her brief, McQuillen neither discusses the elements of fraud nor provides citations to the record

---

[5] The elements of fraud are: (1) the speaker made a material misrepresentation, (2) that he knew was false when made or that it was recklessly made without any knowledge of its truth and as a positive assertion, (3) with the intent that the other party act upon it, and (4) the other party acted in reliance on the misrepresentation, and (5) thereby suffered injury.  *Dimock Operating Co. v. Sutherland Energy Co., LLC*, No. 07-16-00230-CV, 2018 Tex. App. LEXIS 2865, at *18–19 (Tex. App.—Amarillo Apr. 24, 2018, pet. denied) (mem. op. on mot. for reh'g).

where evidence amounting to more than a scintilla of fraud evidence can be found. Moreover, the limited trial record presented to this Court presents no evidence of fraud.

McQuillen argues that the motion for a directed verdict on her fraud claim was improper because it failed to state specific grounds as required by Rule 268 and incorrectly stated that her proof of fraud required a "fraud expert." However, McQuillen's argument misses the point: without regard to any alleged defect in the motion, McQuillen did not present legally sufficient evidence of fraud as a matter of law. The Supreme Court held nearly 50 years ago that a defendant's failure to state specific grounds in a motion for directed verdict is not fatal if no fact issues are raised by the plaintiff's evidence. *Tex. Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex. 1977). *See also Harvey v. Elder,* 191 S.W.2d 686, 687 (Tex. Civ. App.—San Antonio 1945, writ ref'd) (holding that a trial court may sua sponte grant a directed verdict or nonspecific motion for a directed verdict if the prevailing party is entitled to judgment as a matter of law.). We overrule McQuillen's issue pertaining to fraud.

<u>Negligent Misrepresentation</u>

Scattered throughout McQuillen's brief are passing references to the trial court's failure to submit her negligent misrepresentation case to the jury. To the extent she intended these references to constitute claims separate from fraud, we note that a claim of negligent misrepresentation requires proof that: (1) the defendant made a representation in the course of the defendant's business; (2) the representation contains false information for the guidance of others in their businesses, (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the

6

representation, (4) the plaintiff justifiably relied on the representation, and (5) the defendant's negligent misrepresentation proximately caused the plaintiff's injury. *Int'l Bank of Commerce v. Lane Gorman Trubitt, LLC,* No. 07-21-00163-CV, 2022 Tex. App. LEXIS 5504, at *16 (Tex. App.—Amarillo Aug. 3, 2022, pet. dism'd) (mem. op.).

We conclude that any intended appellate complaint by McQuillen regarding the trial court's failure to submit or adjudicate her negligent misrepresentation claim was waived. First, the matter was not adequately briefed on appeal. TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Smith v. Dixon,* No. 07-20-00197-CV, 2021 Tex. App. LEXIS 5592, at *6 (Tex. App.—Amarillo Jul. 14, 2021, pet. denied) (mem. op.). Second, McQuillen would bear the burden of proof on a negligent misrepresentation claim but did not object to the omission of necessary jury questions on such a claim. Third, the partial record contains no evidence of negligent misrepresentation; thus, McQuillen cannot show the theory should have been submitted for the jury's consideration. We overrule any issue regarding negligent misrepresentation.

**Conclusion**

Having overruled each of McQuillen's issues on appeal, we affirm the judgment of the trial court.

Lawrence M. Doss
Justice

7